PRENTIS, Immigrant Inspector, v. DI GIACOMO.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911.)

No. 1,746.

ALIENS (§ 54*)—ORDER OF DEPORTATION—REVIEW BY COURTS.

Immigration Act March 3, 1903, c. 1012, § 21, 32 Stat. 1218, and Act Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905 (U. S. Comp. St. Supp. 1909, p. 459), "which is similar, each authorizing the Secretary of Commerce and Labor, if he shall be satisfied that an alien has entered or is found in the United States in violation of the act, to cause him to be deported at any time within three years after his landing or entry, vest in such executive officer during the period of probation exclusive power to determine the facts and to enforce the provisions of the act, and neither his findings nor the order based thereon is subject to judicial review on writ of habeas corpus or otherwise, except for a denial of the hearing intended by the act.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

Appeal from the District Court of the United States for the Northern District of Illinois.

Habeas corpus by Alessandro Di Giacomo against Percy L. Prentis, Immigrant Inspector, in charge at Chicago. Order discharging petitioner, and respondent appeals. Reversed.

This appeal is from a decree of the District Court, upon hearing of an application for writ of habeas corpus, discharging the petitioner, Alessandro Di Giacomo, from custody of the appellant, immigrant inspector of the United States at Chicago. The record shows that the petitioner is an Italian and landed in this country June 24, 1907, as an alien immigrant; that he was arrested under warrant issued by the Acting Secretary of the Department of Commerce and Labor October 11, 1909, charged with entry in violation of the immigration laws, as "a member of one of the excluded classes, in that he was convicted of an offense involving moral turpitude prior to entry into the United States"; that on evidence submitted upon hearing thereof, before an inspector, pursuant to the warrant, the Acting Secretary of Commerce and Labor issued a so-called warrant of deportation, dated June 8, 1910, reciting that he was satisfied thereupon "that the said alien has been convicted of a felony or other crime or misdemeanor involving moral turpitude prior to entry," and that "the period of three years after landing has not elapsed," and directing return of "the said alien to the country whence he came." In conformity with the last-mentioned warrant, and for execution thereof, the petitioner was held in custody by the appellant when discharged therefrom by the present decree.

Edwin W. Sims and Seward S. Shirer, for appellant.

Louis H. Marks, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The decree of the District Court discharges the appellee from the custody

---

of the Immigration Bureau and Department of Commerce and Labor, under his application for writ of habeas corpus—in effect setting aside a deportation warrant issued by that department—wherein the proceedings for deportation were plainly within the jurisdiction of the department, under the acts of Congress "to regulate the immigration of aliens into the United States," either under the act of March 3, 1903 (32 Stat. 1213), or the act of February 20, 1907 (34 Stat. 898), named in the warrants. It is undisputed that the appellee landed in this country as an alien immigrant, June 24, 1907; that he was arrested under warrant issued by the Acting Secretary of Commerce and Labor, charging his entry in violation of the above-mentioned acts, "in that he was convicted of an offense involving moral turpitude prior to" such entry; that full hearing was granted, and upon evidence submitted such Acting Secretary became satisfied that the appellee had been convicted as charged, so that his entry violated the law, and thereupon issued the deportation warrant under which the appellee was held in custody when released by the present decree; and that all these proceedings were "within the period of three years after landing or entry" of the appellee, as provided by section 21 of both above-mentioned acts. Both acts referred to provide in corresponding section 21 that persons who have been convicted of "a felony or other crime or misdemeanor involving moral turpitude" shall be "excluded from admission into the United States," and section 28 of the act of February 20, 1907, provides that the prior acts are "continued in force and effect" for the purpose of any proceedings thereunder. As the act of 1907 became operative only from and after July 1, 1907, the appellee's entry, June 24, 1907, was subject to the terms of the act of 1903, wherein control over such aliens was retained for the prescribed period in the executive department, to enforce the national policy in respect of immigration—all within the undoubted power of Congress. The Japanese Immigrant Case, 189 U. S. 86, 97, 23 Sup. Ct. 611, 47 L. Ed. 721; Davies v. Manolis (in this court) 179 Fed. 818, 821, 103 C. C. A. 310, and cases cited.

The act of February 14, 1903, creating the Department of Commerce and Labor (32 Stat. 825 [U. S. Comp. St. Supp. 1909, p. 87]), transferred to that department from the Department of the Treasury the control and duties for such enforcement, and it plainly appears that the executive proceedings in question were instituted and conducted in conformity with the statute, and that the deportation warrant issued by the Secretary states his finding of cause therefor within the terms of the statute. The writ of habeas corpus and decree therefore rest upon the twofold contention: (1) That the Secretary's finding of cause is thus reviewable; and (2) that the evidence submitted to the Secretary was insufficient to support the finding. The evidence referred to consists of certified copies of sundry Italian certificates, purporting to be judicial certificates of conviction for crimes stated, together with certified copies of the testimony of appellee and other witnesses, stipulated of record for the purpose of the habeas corpus proceedings.

We believe the rule to be settled, however, under these congressional enactments, that their enforcement against aliens is vested exclusively

in the designated executive department, for hearing, ascertainment of the facts, and rulings thereupon, "without judicial intervention"; that Congress has so provided, within its powers, not only in respect of control over the alien at the time of landing for entry, but of like control during the probation period fixed by the act for ascertaining whether the entry was lawful, to direct and enforce deportation when the entry is found to be unlawful; and that the executive finding and order thereupon is not subject to judicial review or intervention, through the writ of habeas corpus or otherwise, except for failure or denial of the administrative hearing intended by the act. Japanese Immigrant Case, supra; United States v. Ju Toy, 198 U. S. 253, 261, 263, 25 Sup. Ct. 644, 49 L. Ed. 1040; Pearson v. Williams, 202 U. S. 281, 283, 26 Sup. Ct. 608, 50 L. Ed. 1029; Chin Yow v. United States, 208 U. S. 8, 11, 28 Sup. Ct. 201, 52 L. Ed. 369; Keller v. United States, 213 U. S. 138, 143, 149, 29 Sup. Ct. 470, 53 L. Ed. 737; Looe Shee v. North, 170 Fed. 566, 95 C. C. A. 646. While need for such provision is obvious in the first-mentioned instance of landing at the port of entry, doubtless a different rule might reasonably be provided for hearings thereafter. Nevertheless the act (as above defined) makes the decision by the Secretary of Commerce and Labor final in such instance, and thus includes the present finding, that the alien had been "convicted of a felony or other crime or misdemeanor involving moral turpitude," so that no judicial intervention is authorized, either to determine the sufficiency of the evidence in its support or for a new trial.

We are of opinion, therefore, that the appellee is not entitled to the writ of habeas corpus for relief from the deportation order in question, and the decree of the District Court is reversed, with direction to dismiss the petition and remand the appellee to the appellant's custody.