PRENTIS, Immigrant Inspector, v. STATHAKOS.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911. Rehearing Denied October 4, 1911.)

No. 1,780.

ALIENS (§ 54*)—ORDER OF DEPORTATION—REVIEW BY COURTS.

◆ A finding by the Secretary of Commerce and Labor, based on evidence, that an alien who entered the United States less than three years previously had been convicted of a crime involving moral turpitude in the country from which he came and was therefore ineligible to entry under Immigration Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 448), and an order of deportation based on such finding are both within the powers vested in the Secretary by such act and are not reviewable by the courts.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Habeas corpus by Petros Stathakos against Percy L. Prentis, Immigrant Inspector, in charge at Chicago. Order discharging petition-. er, and respondent appeals. Reversed.

Edwin W. Sims and John F. Voight, for appellant.

Edward A. Jones, for appellee.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

GROSSCUP, Circuit Judge. The appeal is on behalf of the government, and from an order releasing appellee on a writ of habeas corpus from the custody of the appellant, who had him in charge, as immigrant inspector, to return to Greece under the immigration laws. The record in the case is the petition for the writ of habeas corpus and the return thereto—the return embodying the record before the Secretary of Commerce and Labor. The arrest and proposed deportation is under that section of the statute relating to aliens who have been convicted in their own country of crimes involving moral turpitude, or who have admitted the commission of such crimes—the evidence before the Secretary of Commerce and Labor consisting of a statement by affidavit of the petitioner admitting that he was convicted of the crime of murder, accompanied by his statement in detail of the circumstances that attended the commission of the crime.

The case is ruled by Percy L. Prentis, Immigrant Inspector, etc., v. Alessandro Di Giacomo, 192 Fed. 467, just decided. Congress has chosen to exclude from our soil aliens who admit that in their own country they had been convicted of crimes involving moral turpitude; Congress has provided that such exclusion shall extend to those who have succeeded in getting through the ports of entry but have, within three years, been apprehended by the authorities—the arrest and deportation of such persons being only a continuation of the exercise of the same power at the port; a supplemental proceeding provided in case the immigrant escapes the department at the port; and Congress has chosen that not only shall the deportation be conducted by the Department of Commerce and Labor, but the question whether the person involved is an alien upon whom such exclusion acts shall be a question also for the Department of Commerce and Labor. Under these provisions appellee has been adjudged by the Secretary of Commerce and Labor to be an alien within the deportation provisions of the act. Congress having this power, the court below was without jurisdiction to issue the writ, unless the record shows that the appellee did not come within the power conferred on the Secretary of Commerce and Labor.

Appellee admits the shooting; admits the conviction in the courts of Greece; and admits that a sentence of seven years was imposed upon him, which he served. These circumstances carry a strong conviction that the crime was a serious one and that the necessity of a severe disciplinary punishment was recognized. We have no authority to say that the courts of Greece are cruel, or unjust, or inhuman, or anything but fair; and such a sentence implies that, if the court be not unjust, nor cruel, nor inhuman, nor unfair, the crime for which it was inflicted was more than the result of accident or self defense.

Instead, therefore, of the record failing to show any case falling within the power conferred upon the Secretary of Commerce and Labor, it shows a case that circumstantially supports the finding of the Secretary of Commerce and Labor.

True, the crime was committed when the appellee was but fourteen years old. He came to this country immediately upon the sentence being served and lived here ten or fifteen years, acquiring property. Unfortunately for him, he then returned to Greece, and thereby, by coming back, laid the foundation for his deportation, notwithstanding his long residence and good record. These circumstances undoubtedly lay the foundation for the exercise of a broader discretion in cases like this than the mere plain enforcement of the act. But whatever discretion shall be exercised is for the Secretary of Commerce and Labor, and not for the courts.

The order appealed from is reversed and the case remanded with instructions to deny the petition and remand the petitioner to the custody of the appellant.