PRENTIS, Immigrant Inspector, et al. v. COSMAS.

(Circuit Court of Appeals, Seventh Circuit.    January 2, 1912.)

No. 1,760.

ALIENS (§ 54*)—PROCEEDINGS FOR DEPORTATION—REVIEW BY COURTS.

By Immigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447), as amended by Act March 26, 1910, c. 128, 36 Stat. 263, the enforcement of the provisions for exclusion or deportation of aliens is committed exclusively to the Executive Department, and if that department gives the hearings required by the statute, its finding of fact that the alien is within the excluded classes is conclusive, and cannot be reviewed by the courts. It is only when the administrative officers do something outside of the act, or omit something required by the act, that judicial interference is warranted.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Habeas corpus by James Cosmas, alias Athanasios Papadakos, against Percy L. Prentis, immigrant inspector in charge at Chicago, and D. Arthur Plumly. From a judgment discharging petitioner, respondents appeal. Reversed.

James H. Wilkerson and Harry A. Parkin, for appellants.
Frank R. Reid, S. N. Hoover, and John F. Tyrrell, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Appellee, an alien, was discharged on habeas corpus proceedings from the custody of appellant, who was about to execute a warrant of deportation.

Appellee entered the United States in January, 1910, and in June was arrested on a warrant issued by the Secretary of Commerce and Labor to appellant, immigration inspector, directing that appellee be taken into custody and be given a hearing on the charge "that said alien is a member of the excluded classes, in that he has been convicted of or admits having committed a felony or other crime involving moral turpitude prior to entry." A hearing was had, at which a witness testified that appellee had confessed that he had committed a homicide in his native land, and appellee justified the homicide on the ground of self-defense. Appellant found that "the account of the killing does not justify the absence of a criminal act involving moral turpitude," and the Secretary of Commerce and Labor approved the finding and issued the warrant of deportation.

Exclusion of aliens is a matter of legislative policy, the enforcement of which may be committed exclusively, as has been done by Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447), as amended by Act March 26, 1910, c. 128, 36 Stat. 263, to the Executive Department. If that department gives the hearings that Congress has required, the finding of fact that the alien is within the excluded classes is conclusive. It is only when the administrative officers do something outside of the act, or omit something required by the act, that judicial interference is warranted. "And by way of caution we may add," the Supreme Court said in Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, "that jurisdiction would not be established simply by proving that the Commissioner and the Department of Commerce and Labor did not accept certain sworn statements as true, even though no contrary or impeaching testimony was adduced. * * * But unless and until it is proved to the satisfaction of the judge that a hearing properly so called was denied, the merits of the case are not open, and, we may add the denial of a hearing cannot be established by proving that the decision was wrong." See, also, Funaro v. Watchorn (C. C.) 164 Fed. 152; Prentis v. Di Giacomo (C. C. A.) 192 Fed. 467; Prentis v. Stathakos (C. C. A.) 192 Fed. 469.

The judgment is reversed, with the direction to quash the writ and remand appellee to the custody of the officer.