### SOUTHERN PAC. CO. v. SHISHMANIAN.

(Circuit Court of Appeals, Ninth Circuit.   May 20, 1912.)

No. 2,026.

RAILROADS (§ 348*)—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.

In an action for injuries in a railroad crossing accident, evidence *held* to sustain a finding that plaintiff was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

In Error to the Circuit Court of the United States for the Northern Division of the Southern District of California.

Action by Arshag Shishmanian against the Southern Pacific Company. Judgment for plaintiff, and defendant brings error. Affirmed.

L. L. Cory, of Fresno, Cal., for plaintiff in error.

J. Geo. Ohannesian and Frank Kauke, both of Fresno, Cal., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action for damages growing out of personal injuries received by the defendant in error, who was plaintiff in the court below, from one of the defendant company's locomotives; and the only contention made here for a reversal of the

judgment is that the case showed contributory negligence on the part of the plaintiff.

The verdict of the jury and the judgment based upon it necessarily imply that the defense of contributory negligence set up by the defendant was not sustained by the evidence, and an examination of the record shows that there was ample evidence to sustain the verdict.

The accident happened at a point in the city of Fresno where Merced street crosses one of the numerous tracks there of the defendant company. It appears that the plaintiff left the packing house of Armsby & Co., where he had been working for a long time, at a little after 6 o'clock in the evening of October 25, 1909, when, according to the testimony of a number of the witnesses, it was quite dark. Numerous of the other employés left the packing house at and about the same time. The plaintiff mounted his bicycle, as he was accustomed to do, and took the bicycle path, as did another man similarly mounted, who almost immediately followed him. In approaching the point where Merced street crosses the track on which the engine which inflicted the injuries was running, the plaintiff, according to his testimony, both looked and listened carefully, looking both north and south, without seeing or hearing any engine. He testifies that he saw the company's flagman near the crossing, whose station was there, talking to some one, in which statement he is corroborated by other witnesses; but none of the witnesses state that the flagman gave any notice of the approach of the engine in question, which was a switch engine. Several of the witnesses say that they saw the engine move north several hundred feet, then take a switch, and back south on the track where the damage was done, several of them, including the plaintiff, testifying that it had no hind light, and several of them testifying that it made no signal of any kind, and one at least, Charles Haslam, testifying that it backed down "pretty fast." The plaintiff swore that he was perfectly familiar with the crossing, had passed it many times, was proceeding on his bicycle at the time he was struck at a moderate speed, being careful to listen, as well as look both north and south repeatedly as he approached the crossing, and neither saw nor heard the engine until it was almost upon him. In this he was corroborated by the man who was following him on another bicycle a few feet only in the rear, and who escaped injury.

There is other testimony in the record tending to support the contention of the plaintiff in the case that he was not guilty of any contributory negligence, but enough has been indicated to show that the verdict in the plaintiff's favor is not without support; its credibility being for the jury.

The judgment is affirmed.