## PRENTIS v. SEU LEUNG.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1913.)

### No. 1,901.

1. ALIENS (§ 32*)—CHINESE PERSONS—DEPORTATION—SUMMARY PROCEEDINGS.

Under Act Cong. Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1911, p. 499), to regulate the immigration of aliens into the United States, a Chinese alien who enters the United States unlawfully may be summarily deported by order of the Secretary of Commerce and Labor at any time within three years.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93–95; Dec. Dig. § 32.*]

2. ALIENS (§ 32*)—CHINESE PERSONS—DEPORTATION—HABEAS CORPUS—FAIR HEARING.

Where a Chinese person, in deportation proceedings, had a fair, though summary, opportunity to establish his right to remain within the United States, the federal District Court had no jurisdiction to pass on his right to remain on a writ of habeas corpus.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93·95; Dec. Dig. § 32.*]

3. ALIENS (§ 32*)—CHINESE PERSONS—DEPORTATION—HEARING.

The first examination of a Chinese alien, when apprehended in deportation proceedings, is a part of the hearing prescribed by Act Cong. Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1911, p. 499), to regulate the immigration of aliens; and hence the statements of the alien at that time may be properly considered in determining the truthfulness of a subsequent conflicting statement as to the place of his birth, etc.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Habeas corpus by Seu Leung against P. L. Prentis, immigrant inspector in charge at Chicago. From an order discharging petitioner from custody, the inspector appeals. · Reversed, with directions.

On November 23, 1910, appellee, a Chinaman, was arrested by Immigrant Inspector Thompson as he alighted from a train at Sixty-Third street, Chicago, Ill., and taken to the immigration office in Chicago, where he was sworn and examined for the purpose of showing whether or not he was lawfully entitled to be and remain in the United States. Not being able to understand the English language, he was examined through an interpreter. The questions and answers of appellee on this hearing were reduced to writing and forwarded to the Secretary of Commerce and Labor, and are made part of the return of . P. L. Prentis, immigration inspector of the United States in charge at Chicago, which return was not traversed by appellee. At this hearing appellee stated that he was born in China in the village of Sue Chong, District of Hoy Yuen; that his father was once here, but that his mother never was; that he was married in China in 1901, and first came to this country in 1902, when he was smuggled in; that he sailed from San Francisco for China in 1908; that he landed at Vancouver, Canada, where he paid a head tax of $100, the receipt of which he had thrown away; that after one week he came to the United States two or three days before making the statement; that he lived in Toronto, Canada, just before he came to the United States; that he and one Sue Wah You, whom he had met in China, were rowed across the river by a white man, to whom each paid $40; and that he took a train at night to Ann Arbor, Mich., where he met Chin Coon Poy and remained a few hours.

On this information a warrant was issued by the Acting Secretary of Commerce and Labor for the arrest of appellee, with directions to the said inspector to give him a hearing to enable him to show cause why he should not be deported. Appellee was arrested under said warrant, and taken before the inspector and granted a hearing. He was represented at this latter hearing by counsel, and produced several witnesses and his own interpreter. Sue Wah You, one of his witnesses, swore that he and appellee came together from Vancouver to Windsor, Canada, where they remained about two months; that they came across the river with a white man in a rowboat at night; that they were to pay one Hin Lun of Detroit $50 for the rower and $150 when they reached Chicago; that they were taken to Ann Arbor in a trolley car by one Lee Wah, who paid their fares; that they took the train from Ann Arbor to Chicago, and left the train at Sixty-Third Street.

Appellee testified that he was born in San Francisco, and otherwise disowned his first statement on vital points, claiming that he could not understand the interpreter on his first hearing, though he was the same one who was interpreter in the present case, and that he did not remember making the statements attributed to him on the first hearing. The other witnesses, Suey Sai Chon, Sui Quay, and Eugene Sin, gave corroborating testimony. The evidence on this second hearing, together with the report of the inspector, and the said statement under oath of appellee made November 23, 1910, was submitted to the Secretary of Commerce and Labor, whereupon the warrant of deportation complained of was issued under and by virtue of Act Cong. Feb. 20, 1907, c. 1134, 34 Stat. 898, as amended by the act approved March 26, 1910, c. 128, 36 Stat. 263 (U. S. Comp. St. Supp. 1911, p. 500). Thereupon appellee filed his petition herein for writ of habeas corpus. The return of the inspector Prentis thereto sets out all the evidence taken on the first and second hearings as aforesaid, and the submission thereof to the Secretary of Commerce and Labor, and contained the further statement that appellee had been brought to Chicago by one W. S. Lee, another Chinaman, who had theretofore pleaded guilty in the District Court for the Northern District of Illinois, Eastern Division, to the charge of importing appellee. None of the allegations of the return were traversed. On the hearing no claim was made that appellee had not been given a full and fair hearing. No evidence other than that set out in the petition and return was heard by the District Court. Such further proceedings were had in said cause that on March 22,

1912. appellee was ordered discharged from custody, from which judgment of the court the inspector prayed and obtained this appeal.

For errors, appellant assigns: (1) that the District Court should have limited its inquiry in the first instance to the question, "Was appellee given a fair hearing by the Secretary of Commerce and Labor, and did he have an opportunity to present evidence in his own behalf?" (2) that, without determining that matter, the District Court proceeded to weigh the evidence produced and dispose of the case upon the merits; and (3) did not give due weight to the finding and order of deportation of the Secretary of Commerce and Labor.

John F. Voight and James H. Wilkerson, both of Chicago, Ill., for appellant.

Benjamin C. Bachrach, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] Under the act of February 20, 1907, to regulate the immigration of aliens into the United States, any Chinese alien who enters the United States unlawfully may be summarily deported by order of the Secretary of Commerce and Labor at any time within three years. United States v. Wong You et al., 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354, decided by the United States Supreme Court on January 22, 1912. In Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, the court says:

"But, unless and until it is proved to the satisfaction of the judge that a hearing properly so called was denied, the merits of the case are not open and, we may add, the denial of a hearing cannot be established by proving that the decision was wrong."

In the same case it is said:

"If the petitioner was not denied a fair opportunity to produce the evidence that he desired or a fair though summary hearing, the case can proceed no further."

Substantially to the same effect is Tang Tun v. Edsell, Chinese Inspector, 223 U. S. 673, 32 Sup. Ct. 359, 56 L. Ed. 606, under Act Aug. 18, 1894, c. 301, 28 Stat. 390 (U. S. Comp. St. 1901, p. 1303), and Act Feb. 14, 1903, c. 552, 32 Stat. 825 (U. S. Comp. St. Supp. 1911, p. 114).

[2] In Prentis v. Di Giacomo, 192 Fed. 467, 112 C. C. A. 605, we held that the finding of the executive department and its order therein "is not subject to judicial review or intervention through the writ of habeas corpus or otherwise, except for failure or denial of the administrative hearing intended by the act." To the same effect are Prentis v. Cosmas, 196 Fed. 373, 116 C. C. A. 419, and Prentis v. Stathakos, 192 Fed. 469, 112 C. C. A. 607, both decided by this court.

It was held in Yamataya v. Fisher, 189 U. S. 101, 23 Sup. Ct. 614, 47 L. Ed. 721, that one of the principles of "due process of law" is that:

"No person shall be deprived of his liberty without opportunity at some time to be heard before such officers in respect of the matters upon which that liberty depends—not necessarily an opportunity upon a regular set occasion and according to the forms of judicial procedure, but one that will

secure the prompt, vigorous action contemplated by Congress, and at the same time be appropriate to the nature of the case upon which such officers are required to act."

"We cannot," says the court in Lee Lung v. Patterson, 186 U. S. 176, 22 Sup. Ct. 798, 46 L. Ed. 1108, "assent to the proposition that an officer or tribunal, invested with jurisdiction of a matter, loses that jurisdiction by not giving sufficient weight to evidence, or by rejecting proper evidence, or by admitting that which is improper."

In Frick, U. S. Immigrant Inspector, v. Lewis, 195 Fed. 693, 115 C. C. A. 493, it is held by the Circuit Court of Appeals for the Sixth Circuit that:

"Where a fair, though summary, hearing has been given, in ascertaining whether there is or is not any proof tending to sustain a charge involved in a case like this, it is not open to courts to consider either admissibility or weight of proof according to ordinary rules of evidence, even if it believe the proof was insufficient and the conclusion wrong. The question is whether anything was offered that tends, though slightly, to sustain the charge."

Therefore, if the hearings given appellee by the Secretary of Commerce and Labor were such hearings as were intended by the act, and appellee had a fair, even though it may have been a summary, opportunity to establish his right to remain within the United States, the District Court was without authority to dispose of the same on the merits.

There is no question here as to what was before the Secretary. That evidence is all made a part of the petition for and the return to the writ, and the statements of the latter are not traversed. From this it appears that the statements of appellee, together with the testimony of his witnesses, were all before the Secretary when the warrant of deportation was issued. Among these was appellee's original statement, in which he admitted that he was born in China and smuggled into the United States. The earlier statement was made a part of the record of said so-called second hearing. It can hardly be contended that the Secretary was not at liberty to accept the first statement and disbelieve the second. If this worked wrong upon appellee, he has only himself to blame.

[3] We are of the opinion that this first examination was a part of the hearing contemplated by the statute, and that the Secretary was at liberty to so treat it, even to the extent of disbelieving the second and more deliberate statement. No reason is perceived why appellee can claim that he was taken advantage of, or why he was unable to tell the truth on the first examination. The second thought, taken after advice of counsel, cannot have the probative weight that initial and uninstructed statements have under circumstances such as here exist. The hearing provided by the statute is such a hearing as gives the accused an opportunity to acquaint the department with the facts of his case. Appellee had abundant facilities afforded him for that purpose. The hearing before the inspector, taken together with the original statement, was without any unfair influences or impositions upon appellee. The department has the power to make such investigations as were here made, otherwise deportation must await the tedious processes of

a court hearing, which was never contemplated by the act. We are unable to see how the Secretary could make the examination more formal. The District Court should have refused to consider the matter upon the merits, and, after hearing the facts as above stated, should have denied the writ.

For these reasons, the judgment of the District Court is reversed, with direction to quash the writ, and dismiss the petition for habeas corpus at petitioner's cost, and to remand the petitioner to the custody of the inspector.