## Ex parte FRAGOSO.

(District Court, S. D. California, S. D. April 2, 1926.)

### No. 7736.

1. Aliens ⬅➡54(17)—Courts will not interfere with order of executive department, deporting alien who had fair hearing, where evidence supported deportation order.

Courts will not interfere with order of executive department of government ordering alien deported, where alien had fair hearing and was represented by counsel, and evidence supported order of deportation.

2. Aliens ⬅➡49—Alien may become "public charge," because of moral deficiencies and mental abnormalities, as well as because of poverty (Immigration Act Feb. 5, 1917 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]).

One may become "public charge," within meaning of Immigration Act Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), because of moral deficiencies and mental abnormalities, as well as because of property.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Public Charge.]

3. Aliens ⬅➡53—Confinement of alien in jail proves likelihood of becoming public charge, subjecting him to deportation within three years after entry.

Confinement of alien in jail for period of nine months is sufficient proof that he is likely to become public charge, and subjects him to deportation any time within three years after entry.

4. Aliens ⬅➡53—Alien entering at point on land border not port of entry, attempting to smuggle alien, is deportable (Immigration Act Feb. 5, 1917, § 19 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]).

Under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann Supp. 1919, § 4289¼jj), alien entering United States at point on land border which was not port of entry, attempting to smuggle inadmissible alien, for which he was imprisoned for nine months, is deportable.

Habeas Corpus. Application by Cruz Fragoso, alias Cruz F. Delgado, for dismissal of petitioner from custody of Immigration Service. Writ dismissed.

Arthur E. T. Chapman, of Los Angeles, Cal., for petitioner.

Harry E. Blee, of Los Angeles, Cal., for the United States.

HENNING, District Judge. This is a proceeding on habeas corpus for the dismissal of the petitioner from the custody of the Immigration Service.

It appears from the petition and the return thereto that the petitioner is an alien, a citizen of Mexico; that on or about the 5th day of February, 1925, he went to Mexico, through the port of Tia Juana; that at that time he had resided in the United States for several years; that on the evening of the same day he returned to the United States surreptitiously at a point other than a regular port of entry, to wit, about three miles west from the port of Tia Juana; that he so crossed surreptitiously in the act of smuggling into the United States an inadmissible alien, by the name of Paola de Vivo; while conveying the said inadmissible alien into the interior of the United States, petitioner was apprehended by immigration officers; that subsequently he was indicted on the charge of unlawfully smuggling an alien into the United States; that he entered a plea of "guilty" to the charge, and was sentenced to nine months' imprisonment in a county jail in this district; that, when he was about to leave the said jail, he was apprehended by immigration officers and examined in due course, pursuant to a warrant of arrest for deportation; that in due course an order was entered, directing his deportation to the republic of Mexico, on the grounds that he is an alien; that hearings were had in the usual course of business, following which the finding was made by the immigrant inspector conducting the hearing that petitioner is an alien, a citizen of Mexico, that he last entered the United States near Tia Juana, on February 5, 1925, that he is unlawfully in the United States, in

that he entered by land at a place other than a designated port of entry for aliens, that he was a person likely to become a public charge at the time of his entry, and that the time within which he might be deported has not expired. A recommendation is made that he be deported to Mexico.

Upon this record, the Secretary of Labor issued in due course his warrant of deportation, whereupon the petitioner sued out this writ. The matter came to hearing in open court. Upon argument of counsel it was submitted on the petition for the writ and the return thereto.

Counsel for petitioner urges that the detention of the petitioner is illegal, for the reason that petitioner is not a person likely to become a public charge, in that he owns property in the United States, and that he had a perfect right as a legally domiciled alien to enter the United States anywhere after leaving the same, particularly at a land border.

[1] It appears from the record that petitioner had a full and fair hearing, was represented by counsel at all stages, and the evidence supported the order of deportation. It is well settled that on such a record the courts will not interfere with the order of an executive department of government. Prentis v. Di Giacomo, 192 F. 467, 112 C. C. A. 605; Ex parte Moola Singh et al. (D. C.) 207 F. 780. It is not disputed that the petitioner entered the United States at a point on a land border which was not a port of entry.

Counsel relies upon the case of In re Wysback et al. (D. C.) 292 F. 761, as authority for his position that a lawfully domiciled alien may leave the United States by a land border and return at any point without laying himself open to deportation. I am at a loss to know how that conclusion was reached upon the facts in the case. It is contrary to the expressed language of the law in section 19 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). It is in conflict with every other decision on the subject, either by the courts or executive officers.

In the Wysback Case above cited, the aliens were indicted for conspiring to violate the immigration laws of the United States. At the trial the jury disagreed, and the charge was dismissed. In the case at bar, the petitioner, however, pleaded "guilty" to the charge of smuggling aliens into the United States, and served time therefor on the plea of guilty.

[2, 3] The language, "likely to become a public charge," in the statute, is not limited to the status of poverty. One may become a public charge because of moral deficiencies, because of mental abnormalities, as well as because of poverty. The fact is this petitioner did become a public charge. He was confined in a jail for a period of nine months. That sufficiently proves the charge. This subjects the man to deportation any time within three years after entry. Lapina v. Williams, 34 S. Ct. 196, 232 U. S. 78, 58 L. Ed. 515; Lewis v. Frick, 34 S. Ct. 488, 233 U. S. 297, 58 L. Ed. 967.

The Circuit Court of Appeals for this Circuit has defined the words "likely to become a public charge," as found in the Immigration Law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b). The court says: "If there were in this case any evidence whatever of mental or physical disability, or any fact tending to show that the burden of supporting the appellant is likely to be cast upon the public, we should have no hesitation in saying that the conclusion of the board of special inquiry would be unassailable in a court." Ex parte Hosaye Sakaguchi (C. C. A.) 277 F. 913.

Counsel for petitioner cites Ex parte Tsunetaro Machida (D. C.) 277 F. 239. In that case the court said that "when he was convicted he became a public charge, and a tax, duty, and trust was imposed upon the government by his conduct, and at the time of his entry he was likely to become a public charge by reason of the crime which he had committed."

The case at bar is squarely within the statutes for the deportation of aliens who enter the country unlawfully (1) by entering at a point other than at a designated port of entry, and (2) likely to become a public charge. The record of the Immigration Service is complete, and the writ must be dismissed, on the ground that the court is without authority to interfere.

[4] The writ must be dismissed for the further reason that the alien entered in violation of two provisions of the Immigration Law and is therefore clearly deportable under the provisions of section 19 of the Act of February 5, 1917.

Writ dismissed, and the alien remanded to the custody of the United States Immigration Service.