**DOMENICI v. JOHNSON, Immigration Commissioner, et al.**

(Circuit Court of Appeals, First Circuit. February 4, 1926.)

No. 1898.

**I. Aliens ⬤═46 — Illiterate alien seaman held not to have been previously "lawfully admitted," and not entitled to readmission after absence of less than six months.**

An illiterate alien seaman, who landed in 1919, obtained seaman's identification card, issued under immigration rule 10, prescribed by the President, pursuant to Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h), and remained in United States for over five years, *held* not to have been "lawfully admitted," within Immigration Act 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), providing all persons who have been lawfully admitted and who have resided in the United States continuously for five years, and who returned within six months after departure therefrom, shall be exempt from the illiteracy test therein provided for; his stay after landing as a seaman being illegal under sections 33, 34 (sections 4289¼rr, 4289¼s), and himself during first three years of such stay subject to arrest for examination as to his qualifications to enter.

**2. Aliens ⬤═46—Seaman's identification card does not authorize admission for purpose of permanent residence.**

Seaman's identification card, issued under immigration rule 10, prescribed by the President, pursuant to Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–

7628h), only fixes holder's status under immigration rules, and does not authorize admission for purpose of permanent residence, but only in pursuit of calling.

**3. Aliens ⚖=46—Alien seamen's illegal stay for over three years held not to legalize his entry, as affecting right to re-enter after temporary absence.**

Where illiterate alien seaman, holding identification card issued pursuant to rules prescribed by the President under Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h), unlawfully stayed in country for over five years, fact that, under Immigration Act 1917, §§ 33, 34 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼rr, 4289¼s), he might have been taken into custody and examined as to his qualifications to enter at any time within three years after entry, did not at expiration of such time legalize his admission, as affecting right under section 3 (section 4289¼b) to re-enter within six months without passing illiteracy test.

**4. Aliens ⚖=46—Illiterate alien held not admissible as immigrant returning after temporary absence to an "unrelinquished domicile" of seven years.**

Where illiterate alien, after living in the United States from 1902 to 1910, returned to and remained in Italy, where he had a wife and child, till 1919, *held*, any domicile he obtained in the United States by residence therein from 1902 to 1910 was not "unrelinquished," within Immigration Act 1917, § 3 (Comp. St. 1918; Comp. St. Ann. Supp. 1919, § 4289¼b), providing that alien, returning after a temporary absence to an unrelinquished domicile of seven years, may be admitted, in the discretion of the Secretary of Labor.

**5. Aliens ⚖=54(17)—Finding of immigration authorities not disturbed, if supported by any substantial evidence.**

Finding of immigration authorities on question whether alien was returning to an "unrelinquished domicile," within meaning of Immigration Act 1917, § 3, proviso 7 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), should not be disturbed by court, if supported by any substantial evidence.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Habeas corpus proceeding by Rosario Domenici, on the relation of Francesco Domenici, against John P. Johnson, United States Commissioner of Immigration, and others. From a decree (8 F. [2d] 366), discharging writ and remanding relator to custody of Johnson, as Immigration Commissioner, petitioner appeals. Decree affirmed.

Cornelius F. Keating, of Boston, Mass., for appellant.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for appellees.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

HALE, District Judge. This case comes before the court upon appeal from an order of the United States District Court, discharging a writ of habeas corpus and remanding Francesco Domenici to the custody of the respondent as commissioner of immigration at the port of Boston, for deportation.

The case shows that Francesco Domenici is a native-born Italian, 40 years old, with a wife and child still residing in Italy, and that he is unable to read. He first came to this country as a third-class passenger on the steamer Italia, in 1902, and remained here continuously until September, 1910, when he returned to Italy. He came back to the United States in December, 1919, on a sailing vessel called the Piemonte, as a member of her crew. He entered at Norfolk, Va., was paid off, and remained continuously in this country until March 2, 1925, when he returned to Italy. On August 22, 1925, he returned to the United States, arriving at the port of New York on the steamship Guiseppe Verdi.

The record shows that when he landed in Norfolk in 1919 he had issued to him a seaman's identification card, dated December 26, 1919, assigning him to division 3, and stamped, "Not good on United States coastwise vessel."

After his return to the United States in August, 1925, at a hearing before a special board of inquiry, he was unable to meet the illiteracy test, and was ordered to be excluded therefor, and as a quota immigrant without the necessary immigration visa. He assigns five alleged errors of the court in ordering his exclusion. These assignments of error present two substantial contentions:

(1) "That, having been lawfully admitted to the United States, in 1919, and having resided there continuously for five years (1919 to 1925), he was returning within six months from the date of departure."

(2) "That he was returning after a temporary absence to an unrelinquished domicile in the United States, acquired during the seven years from 1902 to 1910."

[1-3] 1. Section 3 of the act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b) provides:

"After three months from the passage of this act, in addition to the aliens who are

by law now excluded from admission into the United States, the following persons shall also be excluded from admission thereto, to wit: All aliens over sixteen years of age, physically capable of reading, who cannot read the English language, or some other language or dialect, including Hebrew or Yiddish. * * * "

That the following classes of persons shall be exempt from the illiteracy test, to wit:

"All aliens who have been lawfully admitted to the United States and who have resided therein continuously for five years and who return to the United States within six months from the date of their departure therefrom."

In a publication of the United States Department of Labor, Bureau of Immigration, entitled "Immigration Laws and Rules of July 1, 1925," is found a restatement of the exemption:

"The following classes of aliens over sixteen years of age are exempted by law from the illiteracy test, or from the 'operation' thereof, viz.:

"(d) Persons previously residing in ·the United States who were *lawfully admitted*, have resided continuously here for five years, and return to the United States within six months from the date of their departure therefrom."

The record shows that Domenici was in the United States from December 19, 1919, until March 2, 1925. He was, then, within this country continuously for more than five years. He returned in August, 1925, and he is therefore seeking readmittance within six months after the date of his departure.

We have shown that the law provides that all aliens who have been lawfully admitted to the United States under the above circumstances may be exempted from the operation of the illiteracy test.

Was Domenici "lawfully admitted" in 1919?

The government shows that, when Domenici entered the United States in December, 1919, he entered as a seaman, and received at Norfolk, Va., an alien seaman's identification card, showing that he was a seaman, and that he was within the division which includes "an illiterate, within the meaning of the illiteracy test of section 3."

Section 33 of the Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ rr) penalizes the discharge of an alien seaman on board any vessel arriving in the United States, "unless duly admitted pursuant to the laws and treaties of the United States regulating the immigration of aliens." Section 34 (section 4289¼s) provides:

"That any alien seaman who shall land in a port of the United States contrary to the provisions of this act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody and brought before a board of special inquiry for examination as to his qualifications for admission to the United States, and if not admitted said alien seaman shall be deported. * * * "

Rule 6, paragraph 3, subdivision No. E of the Immigration Rules of July 1, 1925, follows:

"A bona fide alien seaman 'arriving' and seeking to enter the United States as an immigrant shall be subject to all the immigration laws, rules and regulations applicable to immigrants and shall be required to present to the proper immigration official at the port of arrival an immigration visa duly issued and authenticated by an American consular officer in the manner required by law."

After Domenici arrived at Norfolk, in 1919, he obtained an identification card, duly signed by the immigration inspector, dated December 26, 1919, and containing the statement that it was issued under rule 10 of the Immigration Rules and Regulations prescribed by the President in pursuance of the Act of May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h); that the person described in it had been examined by the inspector, and had presented satisfactory evidence of his nationality and of his admissibility under the regulations; and that his status under rule 10 of the Immigration Rule is in division 3, which, by the Immigration Rules of May·1, 1917, in force at the time of the issue of the identification card, includes the designation of the seaman as "an illiterate, within the meaning of the illiteracy test of section 3." It granted him permission to land in the pursuit of his calling, stipulating that the card must be visaed by an inspector on each subsequent arrival of the holder before he was permitted to leave his vessel. Subdivision 8 of the Rules fixes in terms the "value of the identification card"; it provides:

"The seaman's identification card hereinbefore prescribed shall not constitute evidence of a right to enter or to be or to remain in the United States. It simply evidences the status of the holder as a seaman, identifies him, and indicates the point to which his inspection or examination under the

law has proceeded and what remains to be done in his case if he ceases to be a seaman and becomes an alien applicant for admission. It shall have the same value at every other port as at the port where issued."

The rule thus assigns its value to the card of identification. It is impossible for a court to state its effect more clearly. It was not intended to authorize his admission as an alien into the United States for the purpose of permanent residence. It gave him "permission to land *in pursuit of his 'calling,'*" and nothing more.

See United States v. New York & Cuba Mail S. S. Co., 46 S. Ct. 114, 70 L. Ed. ——, opinion of the Supreme Court, December 14, 1925.

When, therefore, Domenici abandoned his maritime calling and still remained within the United States, his stay here was illegal. The fact that he might have been taken into custody and brought before a board of inquiry at any time within three years after his entry into this country in 1919 did not, after three years, act as a legal admission into the United States, or prevent his deportation. He did not go before the authorities during the three years. He returned to Italy in March, 1925, remaining in Italy until August 22, 1925, when he returned to the United States. He claims to be exempt from the operation of the illiteracy test on the ground that he was lawfully admitted to the United States on December 26, 1919, and that he resided here continuously for five years, and that, after going to Italy, he returned to the United States within six months from the date of his departure from the United States. We cannot sustain this contention, for it is clear that he was not "lawfully admitted" to the United States on December 26, 1919.

None of the cases brought to our attention by the learned counsel for the relator present facts or considerations which are helpful in reaching our conclusion. Among them are two unreported cases: U. S. A. ex rel. Alberto Gioia and Wife, Maria Gioia, Relators, v. Henry H. Curran, Com. of Immigration, New York, 11 F.(2d) ——, United States District Court, Southern District of New York, the opinion having been handed down on May 8, 1924, by Learned Hand, D. J.; and In re George Lackides, 10 F.(2d) 980, United States District Court, Southern District of New York, the opinion having been handed down on October 9, 1925, by Thomas Thatcher, U. S. D. J.

In the Gioia Case the District Court held that the illegal entry of the seaman, even within the period of three years, did not make his presence necessarily illegal so as to justify his deportation, but that it gave him the privilege of being brought before a Board of Special Inquiry for examination as to his qualifications with a view to admission.

In the Lackides Case, Judge Thatcher said:

"It is quite apparent that the provisions of section 34 of the Act of February 5, 1917, granting to alien seamen, unlawfully in the United States because of entry in violation of that act, an examination as to their qualifications for admission and providing for deportation only if they shall not be admitted after hearing, inhibit deportation for the unlawful entry which by the statute is made merely ground for the arrest to be followed by an examination, with a view to admission. *   *   *  "

In the instant case, the applicant has been brought before a board of special inquiry, and has not been able to prove his qualification for admission.

We think the District Court was right in holding that Domenici was never legally admitted as an immigrant.

[4, 5] 2. It is contended that Domenici was returning, after a temporary absence, to an unrelinquished domicile in the United States acquired during the seven years from 1902 to 1910.

He left the United States in September of 1910, returning to Italy; he returned from Italy to the United States in December, 1919. He relies upon the provision of section 3, Act of 1917, proviso 7, immigration rule 12 of the Immigration Rules of July 1, 1925, entitled "Readmission and Temporary Admission." Subdivision A, entitled "Aliens Returning to Unrelinquished Domicile," paragraph 1, provides as follows:

"Under the seventh proviso to section 3 of the Act of February 5, 1917, aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted, in the discretion of the Secretary of Labor, and under such conditions as he may prescribe. In such case satisfactory proof of domicile in the United States for seven consecutive years, and of departure therefrom with the intention of returning thereto, will be exacted. Every case of exclusion for any cause, in which the alien has given such proof, shall be promptly brought by the immigration official in charge to the attention of the Secretary of Labor, through the usual

official channels, with a complete report of the reasons for the alien's exclusion, and of the proof which has been offered of continuous and unrelinquished domicile, together with a statement of the duration of absence."

The immigration authorities have passed upon the questions of fact raised in this case. They had before them the evidence that the applicant had remained away from the United States for nine years, and that he has a wife and child in Italy. Whether, after his departure from America, he acquired a new domicile, was a question for the authorities to decide, upon the evidence before them and the inferences to be drawn from all the surrounding circumstances. It is clear that the alien did not produce before them "convincing proof of domicile in the United States for seven consecutive years, and of departure therefrom with the intention of returning thereto." U. S. v. Todd (C. C. A.) 297 F. 214, 215; Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515. Clearly a court should not disturb their findings if there was any substantial evidence to sustain them. These findings have received the sanction of the District Court. We think that court was correct in its conclusion.

The decree of the District Court is affirmed.