## MON DOT v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 31, 1926.)

No. 2043.

Aliens ⊚⇒28—Chinese person, holding Identification card as seaman, but following other occupations, held subject to deportation, under Chinese Exclusion Act (Comp. St. § 4290 et seq.; Immigration Rules, rule 7, subds. 6b, 8).

An identification card, issued to a Chinese seaman under rule 7, subds. 6b, 8, of the rules governing admission of Chinese, merely evidences his status as a seaman and permits him to land in pursuit of his calling, but does not evidence his right to remain for the purpose of permanent residence, and where he remains and follows other occupations he is subject to deportation under the Chinese Exclusion Acts (Comp. St. § 4290 et seq.).

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Proceeding by the United States against Mon Dot. From a decree affirming an order of deportation, respondent appeals. Affirmed.

Joseph F. O'Connell, of Boston, Mass., for appellant.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from the United States District Court for the District of Massachusetts affirming the order of the United States commissioner for deportation in the case of the appellant because unlawfully in the United States in violation of the Chinese Exclusion Act (Comp. St. § 4290 et seq.).

On August 5, 1918, the appellant arrived at the port of New York on a steamship upon which he was employed in the capacity of an oiler. He obtained from the United States immigration inspector at this port a seaman's certificate or identification card issued under rule 10 of the Immigration Rules and Regulations.

Upon this identification card there are printed three notations: "Division 1, Division 2, Division 3." Under rule 7, subdivision 6 (b), of the Rules Governing the Admission of Chinese, it is provided:

"If the inspector is satisfied of the seaman's admissibility, he shall draw a line through the latter two, leaving the former as a notation expressing his opinion; if satisfied of the seaman's inadmissibility, the first two shall be stricken out and the last left as the inspector's notation."

In accordance with this rule the first two notations were stricken out upon this identification card, leaving the third only, indicating that the inspector was satisfied of the seaman's inadmissibility.

Subdivision 8 of the same rule fixes in terms the value of the identification card as follows:

"The seaman's identification card hereinbefore prescribed shall not constitute evidence of a right to enter or to be or to remain in the United States. It simply evidences the status of the holder as a seaman, identifies him, and indicates the point to which his inspection or examination under the law has proceeded and what remains to be done in his case if he ceases to be a seaman and becomes an alien applicant for admission. It shall have the same value at every other port as at the port where issued."

This court therefore held in Domenici v. Johnson, 10 F.(2d) 433, that such an identification card was not intended to authorize his

admission as an alien into the United States for the purpose of permanent residence; that it only gave him "permission to land in pursuit of his calling."

In his examination before the commissioner the appellant testified that, after his receipt of the identification card, he had made several attempts to ship as a·seaman. But these statements were contradictory. In one he stated that he last made the attempt to reship about June, 1923, and in another part of his statement he testified that he had attempted to ship as a seaman about two months before the hearing before the commissioner. His attention was called upon cross-examination to statements made by him at the time of his arrest to the effect that his last attempt to reship, foreign, was in 1921. He testified that he went from New York to Philadelphia in 1919 and looked for an opportunity to ship there, where he remained about three months and worked in a restaurant for a couple of months; that he then went to Baltimore and later to Berlin, N. H., where he was employed as a restaurant cook. At the time of his arrest he stated that his occupation was that of a cook, and that, while employed in Berlin, he had been continually coming back to Boston trying to find opportunity to ship as a seaman.

It is contended that he was admitted to the United States as a seaman and did not lose this status because he had changed his vocation to that of a laborer, and in support of this contention Wong Sun Fay v. United States (C. C. A.) 13 F.(2d) 67, is cited, where the law is stated as follows:

"'The rule is that, where a Chinese person has been regularly admitted, for instance, as a merchant, the fact that he subsequently becomes a laborer does not of itself destroy his right to remain; such a fact is important only as it may tend to show that in reality he entered as a laborer, or for the purpose of immediately becoming a laborer, and so procured his admission through fraud and in violation of the Exclusion Acts.' Lo Hop v. United States [C. C. A.] 257 F. 489."

This contention cannot be sustained, because Mon Dot, the appellant here, was never regularly admitted into the United States, as shown by the identification card issued to him, and which bears upon its face the notation authorized by the immigration rules to show that he belonged to the nonadmissible or excluded class. He was allowed to land in pursuit of his calling only, and the only question presented to the commissioner was whether, from his own testimony, which was all that was offered, his stay in this country was for the purpose indicated by the certificate which had been issued to him.

There was abundant evidence from his own testimony to support the finding of the Commissioner that his protracted stay in the United States from 1918 to 1925 was not in pursuit of his calling as a seaman, and that he was unlawfully within the United States and subject to deportation under the Chinese Exclusion Act.

The order of the District Court is affirmed.