## WONG HOP v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 4, 1929.

No. 5804.

Frank J. Hennessy, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. The evidence in this case tends to show that appellant is a Chinese; that as a seaman he arrived at the port of San Francisco, on the steamer State Arrow from Shanghai, in 1921; that with other members of the crew he was then and there discharged, and was furnished with a seaman's identification card and put ashore; that he never reshipped foreign, but thereafter remained in this country, and that for some years he worked as a laborer, but for the last three years he has been working in a shrimp cannery, for a shrimp company in which he has a $500 interest, and from which he receives no wages.

Finding that he was without a certificate of residence, or even the seaman's identification card, which he claims to have lost, an immigration inspector on February 5, 1929, made complaint before a United States commissioner for the purpose of procuring an order for his deportation. Apparently upon the same day appellant was taken into custody and brought before the commissioner, whereupon the latter made an order committing him to the custody of the marshal to await hearing in default of bail, which was fixed at $2,500, which order is indorsed as filed February 5, 1929. We are referring particularly to this and some other features of the record, because, due to its incompleteness, there is some confusion which furnishes the basis for the principal contention now made by appellant. In due course a hearing was held, following which, on February 18, 1929, the commissioner made an order wherein, after a recital of findings, it was directed that appellant be deported to the Republic of China. On the same day appellant gave notice of appeal to the Judge of the United States District Court, or to the District Court, "from the judgment of conviction rendered against him in the above entitled proceeding," the notice being entitled in "The United States v. Wong Hop." The transcript before us is defective, and does not disclose when, if ever, the complaint was filed in the office of the clerk of the District

Court or with certainty when the order admitting appellant to bail or his notice of appeal was filed there, but apparently the former was filed on February 18th and the latter on February 19th. A supplemental transcript brought here by stipulation tends to show that the commissioner's order of deportation was filed with the clerk of the court below on October 4, 1929, and not before. This latter is undoubtedly the order referred to in the notice of appeal, and is the order from which it was intended to take appeal to the District Court.

In the District Court the issues were tried de novo (Liu Hop Fong v. United States, 209 U. S. 453, 28 S. Ct. 576, 52 L. Ed. 888), and, after consideration, the court on March 30, 1929, announced its decision, of which the following entry was made in the minutes: " * * * * Ordered that the order of deportation, heretofore made by the United States commissioner, which order was brought to this court for review, be and the same is hereby confirmed and that said appellant, Wong Hop be deported . accordingly. * * * " While the order of deportation made by the commissioner and from which appellant appealed had not been formally filed with the clerk of the District Court, it cannot be doubted that that is the order referred to in this decision.

It may reasonably be assumed that in thus orally giving his decision the District Judge contemplated that a formal order of deportation would be drawn and presented to him for signature, which in substance would be the same as the order made by the commissioner, but in fact no such formal order was made, and the record ends with the minute entry. That appellant understood that the intention of the District Court was to adopt substantially the order of deportation made by the commissioner is put beyond all doubt by his petition for the allowance of his appeal, wherein he recites that he is "aggrieved by the judgment of the above entitled court made and entered herein on the 30th day of March, 1929, whereby the said défendant and appellant was convicted and adjudged to be one not lawfully to be or remain in the United States and judgment was entered directing his removal from the United States to China, the country whence he came."

No one of the assignments of error filed in the District Court in connection with the petition for an appeal makes any reference to the incompleteness or ambiguity of the record, but counsel for appellant, asserting that he was not aware of the formal order of deportation made by the commissioner until he was requested to join in a stipulation for supplementing the transcript on or about October 4, 1929, contends that the only order before the court below during the course of proceedings there was the commissioner's order of February 5th committing appellant in default of bail, and that for that and other reasons the order evidenced by the minute entry is wholly inadequate as the basis for a warrant of deportation.

We find no merit at all in the contention that appellant is not subject to deportation. While it may be conceded that as a seaman he could without wrong come ashore for temporary purposes, he could not after so landing and after abandoning his calling as a seaman continue to remain here indefinitely as a laborer. United States v. Crouch (C. C.) 185 F. 907; Mon Dot v. United States (C. C. A.) 16 F.(2d) 711; In re Low Yin (D. C.) 13 F.(2d) 265; United States v. Wong Kee (D. C.) 192 F. 583. Even were it to be held that a change of his status from that of a laborer to that of a merchant, long after he came into the United States, would be of any avail, it is sufficient to say that he did not become a merchant. See section 2, Act of November 3, 1893 (8 USCA § 289); Lee Ah Yin v. United States (C. C. A.) 116 F. 614, 616.

Referring again to the confusion in the record, as already suggested, such a case is tried de novo in the District Court, and, while if the District Judge is satisfied with the form and sufficiency of the commissioner's order, he may adopt it by incorporation or express reference, we think the better practice is for the District Court to make an order complete in itself, for in such a case the effective warrant of deportation is to be based upon the order made in the District Court and not upon the order of the commissioner. United States v. Chin Dong Ying (D. C.) 229 F. 813. No substantial right of appellant will be infringed by now doing what the court below undoubtedly intended to do.

It is therefore directed that the District Court make an order of deportation in harmony with that which was made by the United States commissioner.