**UNITED STATES ex rel. ANDONOVITCH v. CARR, District Director of Immigration and Naturalization.**

**No. 1397 A.**

District Court, W. D. New York.

May 17, 1934.

Leland G. Davis, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., and Willard R. Chamberlin, Asst. U. S. Atty., both of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

Relator was ordered deported on the ground that at the time of his entry, which was subsequent to July 1, 1924, he was not in possession of an unexpired immigration visa. The alien came to this country legally in 1919 and claims never to have returned to his native land. The record contains testimony of an immigration inspector that the employment record of the Bethlehem Steel Company shows that the relator left his employment with that company in 1920, stating that he was going to the old country, and that he again worked for that company in the later part of 1927. Several letters, relating to a foreign investigation as to the presence of the alien in Carev Dvor, Yugoslavia, during the period from 1920 to 1927, were introduced in evidence by the examining inspector. One is from the District Director of Immigration, Buffalo district, to the Commissioner General of Immigration at Washington, requesting such investigation. There is also a letter from the American consul reporting receipt of a communication from the chief of Prespan district, Yugoslavia, to the effect that relator was at Carev Dvor, Yugoslavia, with his family during the period 1920–1927. A copy of this communication and a letter transmitting the original letter, and a copy thereof to the District Director at Buffalo, N. Y., were also introduced. The letter of the district chief of Prespan district discloses, not only that relator was in Carev Dvor, Yugoslavia, during the period set forth, but also that he has a daughter born in 1922 and a son born in 1925.

The admission of these letters in the proceedings is objected to by the alien on the ground that they are not authenticated, nor is the source of the information from which they were prepared revealed. It is contended that the evidence other than these letters is not sufficient to justify the contention of the Department of Labor.

■ Hearsay evidence is admissible in deportation proceedings before an immigration inspector. United States v. Brough (C. C. A.) 15 F.(2d) 377; United States v. Curran (C. C. A.) 12 F.(2d) 636, 638. In the latter case, it was held that a letter from the Department of State to the Assistant Commissioner General of Immigration, indicating that the American consul had cabled to the State Department stating that his office did not issue visas to certain immigrants, being an official communication, could be considered with controlling weight. Two cablegrams from consuls, one to the Commissioner General of Immigration, the other to the State Department, were also before the Board. The court stated: "This evidence, considering its source, was sufficient. Upon it, the board of inquiry was justified in making the determination it did."

■■ In the present case, the letter from the American consul is an official communication and is entitled to such weight as the Board of Inquiry sees fit to give it. Even though that letter were the only proof, there would be sufficient proof to justify the Board in making the determination at which it arrived. We find here other proof to which reference has been made.

The relator is remanded to the custody of the Department of Labor.