**KUNIMORI OHARA v. BERKSHIRE, District Inspector, Immigration Service.**

No. 7594.

Circuit Court of Appeals, Ninth Circuit.

March 11, 1935.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., Ernest R. Utley, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

GARRECHT, Circuit Judge.

This is an appeal from an order of the District Court denying petition for writ of habeas corpus. An anonymous communication was received by the Immigration Service at Los Angeles stating that one Kunimori Ohara had entered the United States from Mexico "five years ago at 1928" without a passport, and giving his address. Shortly thereafter, on May 4, 1933, appellant was taken into custody and examined under oath.

At this examination for investigation of status the alien stated that he entered the United States from Mexico, on foot, in 1921, at Tia Juana, and proceeded from there to Los Angeles by automobile. He was unable to recall any details or landmarks and was hazy upon distances traveled and time consumed on his journey from Ensenada, Mexico, into the United States, which was the way he said he entered this country. He was unable to describe the landing at Manzanillo, or the boat trip from Manzanillo to Ensenada, which formed a link in his journey. Concerning the people whom he met at the time he arrived in Los Angeles, he said he could not remember their names or that they had returned to Japan. On the whole, the testimony given by him seems evasive and tended to confuse rather than clarify. Following this examination a telegraphic order for arrest of the alien was requested, which was received the day following, on which day the hearing to show cause was called. The hearing was continued, at the request of the alien's attorney, to May 9th and then to May 16th, and again continued to June 2, this time at the request of the government. On this latter date the hearing proceeded.

In response to a telegram, there was received from San Francisco, under date of May 23, 1933, a record and statement of facts relative to admission of an alien, in transit to Mexico, on December 17, 1927. The description of the alien set forth therein exactly fitted the arrested alien, even to a mole on the lower left lip. The name, age, height, occupation, and home village are the same. The only discrepancy noted is the name of the father; the name given by the arrested alien being different from that set forth in the certificate from the port of San Francisco. The alien named in the certificate departed from San Ysidro, Cal., by foot, for Mexico on December 30, 1927. This certificate was made part of the record, over objection of alien's attorney. Also introduced, over objection, was a letter signed by the inspector in charge at San Pedro, Cal., reciting that no record could be found of the arrival or departure there of the alien on the steamship Anyo Maru, on which he claimed to have sailed from Japan in 1921; that that vessel arrived at San Pedro on April 19, 1921, but that the alien's name did not appear on the through manifest. Under instructions from his attorney the alien declined to answer the questions put to him on the hearing.

The Board of Review recommended that the Department of State be requested to ascertain through its consular service in Japan the date and manner of the alien's last departure from Japan and whether he was in fact the person who arrived at the port of San Francisco, December 17, 1927, on the steamship Shinyo Maru in transit to Ensenada, Mexico.

Upon receipt of information from the American consulate in Japan to the effect that Kunimori Ohara was not registered in the census register of the village under the family of Takejiro Ohara, as he claimed, but was registered as the second son of Yoshido Ohara of the same village, and that his address was not known. The father's

name and the date of birth corresponded with that of alien admitted in transit in December, 1927. It appeared also that the family name of the mother was "Takada," which was the name of a person appellant said was a relative who met him when he first came to Los Angeles. The names of his brother and sister, noted by the consul, correspond with those given by appellant when first interrogated. The Board thereupon recommended that the case be reopened.

Appellant's attorney objected to the use of this report of the American Consul, and instructed the alien not to answer any questions put to him. No evidence was offered by the alien. As a result of this hearing the inspector recommended that Kunimori Ohara be deported and, after further consideration, the Board of Review so ordered, upon the ground that he was not, at the time of entry, in possession of an unexpired immigration visa and that he was in the United States in violation of the Immigration Act of 1924, being an alien ineligible to citizenship and not exempt under the act.

Appellant specifies as error, in his brief, that the lower court erred in not holding that the deportation was barred by section 19 of the Immigration Act of 1917 (8 US CA § 155), but he does not argue the point in the brief, nor is that section of that act specifically mentioned in his assignment of errors. At any event, this point is of no merit because the alien was charged, as noted above, with being in the United States in violation of the Immigration Act of 1924, which permits deportation at any time after entry.

The substance of appellant's attack upon the deportation proceedings is that the hearing was unfair.

■ It will be noted that the burden of proof in deportation proceedings is upon the alien "to show that he entered the United States lawfully, and the time, place, and manner of such entry, * * *" [Immigration Act 1924, § 23 (8 USCA § 221); Keizo Kamiyama v. Carr, etc., 44 F.(2d) 503, 507 (C. C. A. 9); Kjar v. Doak, etc., 61 F.(2d) 566, 569 (C. C. A. 7)], and that the alien refused to testify at the hearing, upon advice of counsel. Of course, if appellant did in fact enter the United States prior to July 1, 1924, deportation would be barred by the passage of the 5-year limitation period under section 19 of the Immigration Act of 1917, and this is conceded by appellee. However, the burden was up-on the alien to show affirmatively the time, place, and manner of his entry.

■ Appellant urges as unfair the taking of the alien into custody and the questioning of him by immigration inspectors on May 4, 1933, one day prior to receipt of warrant of arrest. It is asserted that there is no authority for taking the alien into custody without a warrant, or for questioning and confining him before issuance of a warrant. Appellee contends that section 16 of the Immigration Act of 1917 (8 USCA § 152), which reads in part as follows, "* * * Immigrant inspectors are hereby authorized and empowered to board and search for aliens any vessel, railway car, or any other conveyance, or vehicle in which they believe aliens are being brought into the United States. Said inspectors shall have power to administer oaths and to take and consider evidence touching the right of any alien to enter, reenter, pass through, or reside in the United States, and; where such action may be necessary, to make a written record of such evidence; and any person to whom such an oath has been administered, under the provisions of this subchapter, who shall knowingly or willfully give false evidence or swear to any false statement in any way affecting or in relation to the right of any alien to admission, or readmission to, or to pass through, or to reside in the United States shall be deemed guilty of perjury and be punished as provided by section 231 of Title 18, * * *" contains implied authority to detain an alien for a reasonable time pending receipt of a warrant of arrest. Without discussing this section or attempting to distinguish its application as between those lawfully admitted and those who surreptitiously entered the United States, we point out that: "* * * Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law. * * *" U. S. ex rel. Bilokumsky v. Tod, etc., 263 U. S. 149, 158, 44 S. Ct. 54, 57, 68 L. Ed. 221. The Supreme Court, in Wong Wing v. United States, 163 U. S. 228, at page 235, 16 S. Ct. 977, 980, 41 L. Ed. 140, said: "We think it clear that detention or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens, would be valid. Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and

while arrangements were being made for their deportation. Detention is a usual feature in every case of arrest on a criminal charge, even when an innocent person is wrongfully accused; but it is not imprisonment in a legal sense."

In the case at hand, the alien was informed that the inspector desired a statement from him as to his right to be in the United States; that the burden was upon him to prove such right; that any statement he would make might be used against him; and he stated his willingness to make such statement under oath.

While no decision based upon the point has been brought to our notice, we think the voluntary statement of the alien made prior to the issuance of the warrant of arrest was admissible. Such rule seems to find support in the case of Chan Nom Gee v. U. S., 57 F.(2d) 646, 649, decided by this court. See, also, U. S. ex rel. Chu Sun v. Karnuth, etc., 60 F.(2d) 930 (C. C. A. 2); Keizo Kamiyama v. Carr, etc., 44 F.(2d) 503, 504 (C. C. A. 9); Ex parte Seisuke Fukumoto, 53 F.(2d) 618, 619 (C. C. A. 9).

Objection upon the ground of hearsay is also made to the reception in evidence of the communication of the American Consul in Japan. It is well settled that an administrative tribunal is not required to observe the strict rules of evidence enforced in courts, and that the admission or rejection in evidence is not ground for reversal unless there has been a denial of justice. A consular certificate was held admissible in Kjar v. Doak, supra, and, in U. S. ex rel. Andonovitch v. Carr, etc., 6 F. Supp. 1021 (D. C. N. Y.), the court said: "In the present case, the letter from the American consul is an official communication and is entitled to such weight as the Board of Inquiry sees fit to give it. Even though that letter were the only proof, there would be sufficient proof to justify the Board in making the determination at which it arrived. * * *"

At the hearing to show cause the alien declined, upon advice of counsel, to answer the questions put to him by the examining officer who was entitled to draw an inference from his silence. "* * * There is no rule of law which prohibits officers charged with the administration of the immigration law from drawing an inference from the silence of one who is called upon to speak." U. S. ex rel. Bilokumsky v. Tod, supra, at page 154 of 263 U. S., 44 S. Ct. 54, 56. See, also, Chan Nom Gee v. U. S., supra; Saksagansky v. Weedin, etc., 53 F.(2d) 13, 16 (C. C. A. 9). In no respect do we find the hearing unfair, nor can we say that the administrative officers acted arbitrarily. It was incumbent upon the alien to prove his right to remain, and he chose to stand mute.

Appellant's authorities have been carefully examined, but we are unable to find anywhere in them justification for setting aside the order of the District Court. Accordingly, the order appealed from is affirmed.