CALIFORNIA LUMBERMEN'S COUNCIL et al. v. FEDERAL TRADE COMMISSION.

No. 8984.

Circuit Court of Appeals, Ninth Circuit.

April 14, 1939.

Motion for order to File Supplemental Transcript Denied June 5, 1939.

See 104 F.2d 855.

Morgan J. Doyle, of San Francisco, Cal., for petitioner.

W. T. Kelly, Chief Counsel, Federal Trade Commission, and Martin A. Morrison, Asst. Chief Counsel, and Daniel J. Murphy and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Petitioners present two motions. One is to strike the transcript of the record heretofore filed in this court, and the other (premised upon the granting of the first) is to require respondent to file a proper transcript of the record or to vacate the cease and desist order made by respondent. Both motions must be denied.

The basis of the motion to strike is that the record as it is before us is not the true record of the proceedings had before the trial examiner. An examination of the petition and supporting affidavits reveals that such record is a true record of the evidence received, but that the real complaint is that the hearing was so conducted by the examiner as not to allow petitioners to make of record matters properly includible in the record.

It is clear that administrative agencies must grant a fair trial. Chamber of Commerce v. Federal Trade Commission, 8 Cir., 1926, 13 F.2d 673, 683, 684; Morgan v. United States, 304 U.S. 1, 14, 15, 58 S. Ct. 773, 999, 82 L.Ed. 1129; Shields v. Utah Idaho Central R. R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. ——, December 5, 1938; Ohio Bell Tel. Co. v. Pub. Util. Comm., 301 U.S. 292, 302, 304, 57 S.Ct. 724, 81 L.Ed. 1093.

If, then, petitioners have been deprived of a fair trial the order made by the Commission is invalid as violative of due process. A motion to strike the transcript is not, however, the manner in which to bring such a question before us, for its determination requires an examination of the merits of the case that we may know the pertinency of the excluded matter in its relationship to the case as a whole. This case is not now before us on the merits.

We shall not herein attempt to advise petitioners as to the course they should pursue, but we are constrained to remark that since § 5 (c) of the Federal Trade Commission Act, 15 U.S.C.A. § 45(c), and § 10(e) (f) of the National Labor Relations Act, 29 U.S.C.A. § 160(e), are similar, the case of Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. ——, December 5, 1938, may be found helpful.