**BHAGAT SINGH v. McGRATH, District Director of Immigration, etc.**

**No. 9023.**

Circuit Court of Appeals, Ninth Circuit.
May 10, 1939.

Joseph P. Fallon, Leslie C. Gillen, and Herbert Chamberlin, all of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

By warrant issued January 25, 1938, the appellant was ordered deported to his native India, upon the ground that he was in the United States in violation of section 13(c) of the Immigration Act of 1924, 43 Stat. 161, 8 U.S.C.A. § 213(c).

The alien has the burden of proving his right to remain in the United States. Keizo Kamiyama v. Carr, 9 Cir., 44 F.2d 503, 506; Naranjan Singh v. District Director of Immigration, etc., 9 Cir., 96 F.2d 969. Likewise, the burden is upon the alien to prove lawful entry into this country. 8 U.S.C.A. § 221. If the alien unlawfully entered the United States prior to July 1, 1924, deportation would be barred by the passage of the 5 year period of limitation under section 19 of the Immigration Act of 1917. Ohara v. Berkshire, etc., 9 Cir., 76 F.2d 204, 206; 8 U.S.C.A. § 155. If he entered subsequent to July 1, 1924, the Immigration Act of 1924 permits deportation at any time. 8 U.S.C.A. § 214.

The alien testified that he entered the United States near Calexico, California, May 14, 1924, surreptitiously and without inspection. He presented no witnesses or evidence, at any of the hearings, which

would tend to prove his right to remain in the United States by entry prior to July 1, 1924, other than offering, on a motion to reopen the case, an affidavit, made June 24, 1938, by the secretary of the Pacific Coast Khalsa Diwan Society, of Stockton, Calif., a religious organization composed of East Indians, which recited that the alien was a member thereof in June, 1924, and in the years 1926, 1927, and 1928.

During the various hearings the appellant was confined in San Quentin Prison, San Rafael, Calif. The appellant had been arrested in El Paso, Texas, in 1923, and deported through San Francisco to India, but contended he left the boat at Japan and returned almost immediately to Mexico and made his way into the United States May 14, 1924. Depositions or statements were taken by immigration officials from three persons who identified photographs of Bhagat Singh and claimed to have known him in Mexico, in the vicinity of Mexicali, Baja California, (just across the international line from Calexico, California) in 1924, 1925 and 1926, and to have seen him there frequently during that period.

There is but one point to the appeal: Whether lack of a fair hearing and due process of law resulted from the inability of the appellant to personally confront and cross-examine the witnesses who stated they saw him in Mexico in 1924, 1925 and 1926.

Hearing under the warrant of arrest was had September 28, 1936, and at that time the alien was advised by the examining officer that the Government offered him the opportunity to cross-examine the persons who had given statements that they recognized his photograph as a person they knew in Mexico, at any place within a 50 mile radius of their respective places of residence, Calexico and San Diego, California. It was suggested by the examiner that inasmuch as the appellant was incarcerated in San Quentin Prison it would be necessary for the cross-examination to be conducted through his attorney or personal representative. Bhagat then was asked directly, "Do you wish to accept the opportunity to cross-examine these persons whose sworn statements have been introduced against you?" The alien's counsel answered that the alien would be paroled in January or February, 1937, and requested that he be given until then to answer the question, to which the examining officer replied that he would allow a reasonable time for answer, but had not authority to grant a postponement until the completion of the prison sentence.

The appellant was eligible for parole from the State prison on January 30, 1937, but he waived parole and elected to serve out his term which expired in July, 1938. On October 26, 1937, the hearing of September 28, 1936, was resumed and the alien was asked by the examining officer whether he had any evidence or witnesses to offer in his behalf at that time. Bhagat answered, "I am in prison now. I cannot get any evidence or witnesses very well while I am here. I can do it while I am outside." He admitted that he had not made any effort to contact any witnesses nor endeavored to secure evidence in his own behalf.

█ Deportation proceedings are civil in nature and the alien need not be confronted by the witnesses; evidence may be obtained by deposition. Berkman v. Tillinghast, 1 Cir., 58 F.2d 621, 622; Naranjan Singh v. District Director of Immigration, supra. We have heretofore decided that the fact an alien is financially unable to travel to a place where he could cross-examine the witnesses, or to send an attorney there, is not a denial of the right of cross-examination. Kishan Singh v. District Director of Immigration, 9 Cir., 83 F.2d 95, 96. See also Channan Singh v. Haff, 9 Cir., 103 F.2d 304, decided April 18, 1939. Neither is the obstinacy of the alien denial of this right, where he has allowed a year to lapse during which period the hearing had been continued, without making any effort whatsoever to secure evidence or witnesses. The right to cross-examine the witnesses was not denied the alien in the refusal to postpone determination of the matter until he was released from prison, and we are unwilling to hold that this made the hearing manifestly unfair. It is not necessary that the alien be confronted by the witnesses; the cross-examination could have been accomplished by deposition. Naranjan Singh v. Dist. Director of Immigration, 9 Cir., 96 F.2d 969, 971. The alien was represented by able counsel, at the hearing and before this court, who was well qualified to conduct a cross-examination of those witnesses.

The alien failed to prove his right to remain in the United States, and this, alone, is sufficient to compel affirmance of the order of the court below.

Affirmed.