## CARR v. NORTHERN PAC. RY. CO.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

### No. 3587.

Master and servant ☞92(1)—Employés' association, conducting hospitals, held not employer's agent, so as to charge employer with negligence.

    Where employés of a railway company formed a beneficial association, which built and equipped hospitals, the administration of which was in the hands of persons elected by the employés, a small percentage of each employé's salary being collected by the railway company and turned over to the association, the association was not the railway company's agent in treating members, and the company was not liable for negligence in such treatment, though it contributed $50,000 a year towards the success of the hospitals, and its treasurer and comptroller were required to be the treasurer and comptroller of the association, and persons not members, injured on the road, were sometimes treated at the hospitals at the company's expense.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action by James E. Carr against the Northern Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Chas. W. Johnson, of Pasco, Wash., for plaintiff in error.

E. J. Cannon and Francis J. McKevitt, both of Spokane, Wash., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge. Carr, a conductor for the Northern Pacific Railway Company, brought action against the Railway Company to recover for personal injuries alleged to have been suffered by reason of an operation for appendicitis performed by the chief surgeon of the

Tacoma Hospital of the Northern Pacific Beneficial Association. When he became sick, Carr went voluntarily to the hospital of the Northern Pacific Beneficial Association. The result of the operation was unsatisfactory, and he charged that the surgeon who operated was negligent, and that the attendants furnished by the defendant were negligent in not doing certain things which they should have done.

The defendant denied negligence, and pleaded that the employés of the Railway Company organized themselves together for mutual benefit and advantage, in an association called the Northern Pacific Beneficial Association, and that the association conducted hospitals in states through which the Northern Pacific Railway operated, and employed physicians and nurses and hospital attendants; that to obtain funds with which to operate the hospitals, and pay the doctors and employés, it was agreed between the railway employés and the Northern Pacific Railway Company that a certain sum of money should be deducted each month from the salary of each employé, to be turned over by the Railway Company to the Northern Pacific Beneficial Association. Defendant denied that it had ever maintained hospitals, or employed physicians or surgeons, or made any profit out of the hospitals. At the close of all the evidence, on motion of the Railway Company, the court directed a verdict for the defendant. This action is assigned as error.

The evidence was: That many years ago the employés of the Northern Pacific Railway Company formed the association referred to, and that each employé, when he entered the service of the company, agreed to become a member of the association, and that a small percentage of his salary should be collected each month by the Railway Company to be turned over to the association; that the funds deducted from the salaries were turned over to the association, which built and equipped hospitals; that surgeons were employed by the association, and the surgeons appointed the nurses and internes. The Railway Company had no part in the ownership of the hospitals, and the administration of the institutions was in the hands of persons elected by the employés, each branch of employés having a representative. The persons so elected constitute a board, and the board selected the officers of the association. The Railway Company keeps none of the money collected, makes no charge for collection, and contributes $50,000 per annum toward the success of the hospitals.

We are of opinion that the District Court was right in ruling that no liability could attach to the Railway Company. The employés furnish the money with which the hospitals are carried on, and through officers selected by the employés the association controls its hospitals. It is what its name implies—a mutual beneficial association organized and conducted for the benefit of the members, who are employés of the Railway Company, and, though recognized and aided by the Railway Company, the company is not responsible for the selection of the officers of the association, does not control its management, makes no profit out of it, and does not administer its affairs. It is true that under the membership rules the treasurer and comptroller of the Railway Company shall be the treasurer and comptroller, respectively, of the

association; but it is expressly provided that such officers shall deposit, hold, and distribute funds, and audit accounts, under the direction of the board of managers of the association. The association cannot be said to be the Railway Company, nor even the agent of the company in furnishing medical treatment to the members.

It is urged that in some instances persons not members are taken to the hospitals, and by agents of the company are treated. Taking this to be true, we do not think it affects the case under consideration, especially as it is in evidence that if one is injured on the road, and it happens that he is taken to the association hospital, the association renders its bill to the Railway Company, and that company pays it.

In general accord with our view that the doctrine of respondeat superior is not applicable are the cases of Union Pac. R. Co. v. Artist, 60 Fed. 365, 9 C. C. A. 14, 23 L. R. A. 581, and Powers v. Mass. Homeopathic Hospital, 109 Fed. 294, 47 C. C. A. 122, 65 L. R. A. 372.

The judgment is affirmed.