## NG MON TONG v. WEEDIN, Immigration Com'r.
### No. 6172.

Circuit Court of Appeals, Ninth Circuit.
Oct. 13, 1930.

S. A. Keenan and E. P. Donnelly, both of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, of Seattle, Wash., on the brief), for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

Appellant was denied admission to the United States by the Board of Review in the Department of Labor. His application to the District Court for a writ of habeas corpus, based upon the contention that he had not had a fair hearing, was denied, and he appeals from that order. Appellant claims to be the Chinese-born son of Ng Ngin, a native-born citizen of the United States. The citizenship of the father is conceded. The appellant and his father claim that the appellant was born on December 14, 1917. The father left this country for China December 22, 1916, his wife being then in China. If the appellant were appreciably older than twelve years at the time he was examined for admission in January, 1930, he cannot be the son of his alleged father, Ng Ngin. The Board of Review based its order of exclusion largely upon the proposition that the applicant was several years older than he claims. That conclusion is based in part upon the physical appearance of the applicant, one of the inspectors stating that he estimated his age, from his voice, general appearance, and manner of testifying, to be between 17 and 20 years of age. The clerk of the board estimated him to be between 16 and 20 and the chairman from 17 to 21 years of age. The photograph of the appellant, at the time of his application for admission, is included in the record sent to this court. In addition to the statements of the members of the board contained in the record and the photograph which tends to bear out their conclusions, there is a certificate of A. R. Bailey, a surgeon connected with the United States Public Health Service, to the effect that, judging from appellant's general appearance, his teeth and sexual development, he was between the ages of 17 and 22 years. It appears from the testimony of the applicant that he shaved himself and that he commenced to shave about two years before the hearing; that is, according to his statement of his age, when he was ten years of age. It is suggested by counsel on argument that the witness may have intended to say he shaved his head or his neck, but there is nothing in the record to so indicate.

It is claimed that the certificate of the physician should not have been considered by the immigration authorities, but it has been held that these authorities are not restricted by the ordinary rules of evidence. Moy Said Ching v. Tillinghast (C. C. A.) 21 F.(2d) 810; U. S. v. Curran (C. C. A.) 12 F.(2d) 636; Lew Git Cheung v. Nagle (C. C. A.) 36 F.(2d) 452. It cannot be said that the action of the immigration authorities is so unfair and unreasonable as to justify the court in declaring such action void. This is particularly true since the applicant claims to be below the age of puberty.

Order affirmed.

WEBSTER, District Judge, concurs.