## Ex parte SHIGENARI MAYEMURA.
### No. 6503.

Circuit Court of Appeals, Ninth Circuit.
Nov. 9, 1931.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Milo E. Rowell, both of Los Angeles, Cal. (Harry B. Blee, U. S. Immigration Service, of Los Angeles, Cal., on the brief), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

ST. SURE, District Judge.

This is an appeal from an order of the District Court discharging a writ of habeas corpus and remanding appellant to the immigration authorities for deportation. The facts of the case are similar to those in Ex parte Seisuke Fukumoto (C. C. A.) 53 F. (2d) 618, decided this day, and the authorities cited therein affirming the judgment apply with equal force here.

Appellant is a native and subject of Japan. He was arrested, and after a hearing was ordered deported by the Secretary of Labor upon the grounds: That he is in the United States in violation of the Immigration Act of 1924, in that, at the time of his entry, he was not in possession of an unexpired immigration visa; that he is in the United States in violation of the Immigration Act of May 26, 1924, in that he is an alien ineligible to citizenship and is not exempted by paragraph (c), section 13, thereof 8 US CA § 213(c); that he is in the United States in violation of the Act of February 5, 1917 (§ 19 [8 USCA § 155]), in that he entered by land at a place other than a designated port of entry for aliens; that he entered in violation of rule 7 of the Immigration Rules of July 1, 1927.

Immigration Inspectors Bliss and Wolin placed two Japanese aliens on board a ship at San Pedro, Cal., for deportation to Japan. Appellant was among the visitors on board. Inspector Bliss had in his possession a number of immigration service descriptive lists (Form 400), one of which contained a description and a photograph of a Japanese who had recently landed at San Francisco and passed through the United States in transit to Mexico. The inspector was of the opinion that appellant bore a resemblance to the photograph and description appearing on the list, which also contained the name of Shigemori Maemura, and held appellant for investigation. The inspector sought a statement from appellant concerning his entry into the United States, but appellant refused to talk until he had an opportunity to consult an attorney. Appellant was arrested and released on bond pending hearing.

The formal hearing began on December 5, 1929, when defendant was represented by counsel. There was introduced in evidence the immigration transit descriptive list (Exhibit B in the record), showing that a Japanese named Shigemori Maemura had landed at San Francisco, Cal., on April 27, 1928, and had departed from the United States in transit to Mexico on April 30, 1928. The

government also introduced in evidence a photograph of the appellant taken on December 5, 1929 (Exhibit C). A continuance was had until December 10, 1929, when the hearing was resumed. Appellant testified that he first entered the United States in the middle of June, 1923, from Mexicali, Mexico, by train; that he was not inspected by immigration officers at that time; that he had a Japanese passport at the time, but since threw it away; that he entered through Mexicali into El Centro, Cal.; that he had his wife with him; that he came from Japan on the Mexico Maru, a steamship of a South American line, in the middle of August, 1922, and landed at the port of Buenos Aires, South America; that he remained in South America four months; that he has a wife named Taruko, and a 2 year old daughter, but does not know where either of them is.

The main question before the Board of Review was as to the identity of appellant, and the only question before this court now is whether appellant had a fair hearing.

If appellant's statement that he first entered United States in June, 1923, and has remained here constantly since then, is true, he cannot now be deported (Section 19, Immigration Act Feb. 5, 1917, 8 USCA § 155).

If appellant is the same person who was granted the transit privilege at San Francisco on April 27, 1928, under the name of Shigemori Maemura, and who departed for Mexico on April 30, 1928, deportation is proper.

Appellant answers the description of the alien on the transit descriptive list, and five government inspectors testified at the hearing that the photograph appearing on said list resembles the alien and is similar to the photograph of said alien taken when he was apprehended.

When apprehended, appellant had on his person a card bearing his name, which he admitted was his signature (Exhibit D). The Board of Review found that the signature was the same as the signature on the descriptive list, although the names are spelled differently. When asked to sign his name so that a comparison might be made, appellant refused.

Appellant produced at the hearing three white men, citizens of United States, who testified that they have known appellant in Los Angeles since the latter part of 1923 and the early part of 1924, and that he worked for them as a gardener until December, 1928. This evidence is not conclusive. While these witnesses state that the alien was on their grounds two or three times a week, they do not say that he was so engaged during the whole period from 1923 to 1928. Appellant may have had one of his brothers do the actual gardening work for him while he visited Japan in the latter part of 1927 and the forepart of 1928.

Two inspectors testified that, when appellant was taken into custody, they went to appellant's residence, interviewed his brother, Eizo Maemura, and examined the brother's passport. Eizo stated that he was born in Kagoshima Ken, Japan (Appellant's birthplace), and that he had five brothers, one named Shegenari. Counsel for appellant objects that this last bit of evidence is hearsay. Deportation proceedings are in their nature civil, and rules of evidence need not be followed with the same strictness as in courts of law. U. S. ex rel. Smith v. Curran (C. C. A.) 12 F.(2d) 636; U. S. ex rel. Ng Wing v. Brough (C. C. A.) 15 F.(2d) 377; Ghiggeri v. Nagle (C. C. A.) 19 F.(2d) 875; Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221; Ng Mon Tong v. Weedin (C. C. A.) 43 F.(2d) 718.

Appellant had full opportunity to rebut this evidence, as the hearing continued over a period of several weeks; the first session being held December 5, 1929, and the last on January 16, 1930. But, apart from any hearsay, there is ample evidence in the record to support the findings of the Board.

After a careful examination of the record, we are of the opinion that appellant had a fair hearing.

Judgment affirmed.