**Ex parte SINGH.**

**No. 22015–S.**

District Court, N. D. California, S. D.

Sept. 26, 1935.

S. Luke Howe, of Sacramento, Cal., and Marshall B. Woodworth, of San Francisco, Cal., for petitioner.

H. H. McPike, U. S. Dist. Atty., of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petition for writ of habeas corpus recites that the alien is a native of India; that he is unlawfully restrained of his liberty; that he came to the United States "sometime during the first part of the year 1924 and prior to July 1, 1924"; that he has resided in the United States ever since and has never departed therefrom; that he is a laborer, has supported himself, and has never been a public charge; that the Commissioner of Immigration and Secretary of Labor contend that petitioner has been unlawfully in the United States; that he caused his arrest; that he was admitted to bail; that after several hearings at which he introduced evidence in support of his claim, he was ordered deported; that he was not accorded a full and fair hearing.

Return to an order to show cause admits the detention of the alien and incorporates by reference the entire proceedings before the immigration authorities. Traverse to the return raised the issues of fact.

Following hearings before the immigration officials, the alien was ordered deported under warrant issued by the Secretary of Labor, under section 14, Immigration Act of 1924 (approved May 26, 1924, 8 US CA § 214). The order was based upon findings by the officials that the alien "actually entered the United States sometime in the year 1929 or 1930"; that at the time of his entry he did not have in his possession an unexpired immigration visa; that he is an alien ineligible to citizenship and is not exempted by paragraph c, section 13 of the act (8 USCA § 213 (c); that he is a native of a geographically described portion of the continent of Asia, immigration from which is prohibited by section 3 of the Immigration Act of 1917 (approved February 5, 1917, 8 USCA § 136).

The question of whether the petitioner entered the United States prior or subsequent to July 1, 1924, is of paramount importance, and the evidence with relation to that fact is conflicting. This court need not, however, resolve that conflict inasmuch as it is well settled that findings and conclusions of administrative officers upon issues of fact are final and conclusive upon the courts, unless it is shown that they were manifestly unfair, or were such as to prevent a fair investigation. Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010; Chin Share Nging v. Nagle (C. C. A.) 27 F.(2d) 848; Kumaki Koga v. Berkshire (C. C. A.) 75 F.(2d) 820, 822. In the last-cited case the court said: "Where the issue rests upon conflicting testimony, the court is not at liberty to review

an administrative finding, unless in some other particular the conduct of the officers was such as to render the hearing unfair. Ex parte Wong Nung (Wong Nung **v.** Carr), 30 F.(2d) 766 (C. C. A. 9)."

Petitioner contends that by reason of the admission in evidence "of several ex parte affidavits, purporting to identify petitioner by means of a photograph, as having been in Mexico at various times since July 1, 1924," and the admission of secret and confidential communications had with certain officials of India, purporting to show that the alien did not leave India in time to permit of his arrival in the United States in March, 1924, as the alien claims, the hearings before the immigration officials were unfair and "did not constitute due process of law."

The affidavits referred to are the sworn statements of six Mexican witnesses, who appeared before the officials in Calexico and gave their evidence through an interpreter. Each identified the same photograph of the petitioner as that of a Hindu whom they had known as having lived and worked in Mexico during specified years. Three of these witnesses were labor foremen on the Hechicera Ranch in Mexico, each of whom testified that the person, whose photograph was exhibited to him, worked on the ranch during the year 1929 under the name of "Jack Singh." This evidence was corroborated by a labor pay roll of that ranch for the last two weeks in August, 1929, upon which appeared the name Jack Singh. One of these witnesses testified that he had prepared the pay roll. A fourth witness testified that the person whose photograph was exhibited to him was employed by the Globe Mills in Mexico in 1927, and two others identified the photograph as a person who worked for the Delta Canal Company in Mexico in 1924, 1925, and 1926. The record shows that the same picture was used in each instance and that it was the photograph of the petitioning alien. For further corroboration of the identity of the alien, the government introduced copies of a registration card issued at Mexicali, dated April 17, 1929, to an East Indian under the name of Yageti Singh, and of a certificate of identification at Mexicali October 9, 1928, to an East Indian under the name of "Jaget Singh," each bearing the photograph of the holder. The photographs appearing on the certificates were identified as those of the alien here involved, by five expert witnesses, all of whom were connected with Bureaus of Identification of the Police Departments of San Francisco or Oakland.

The petitioner argues that such identification as was made by the Mexican witnesses, without opportunity of cross-examination, or "even personal examination," is incompetent for any purpose as evidence, and cites Maltez v. Nagle (C. C. A.) 27 F. (2d) 835, and Backus v. Owe Sam Goon (C. C. A.) 235 F. 847, 851. Facts in the cases cited readily distinguish them from the case at bar. In the Owe Sam Goon Case the Chinaman entered the United States in 1873 or 1874, and registered and received a certificate as a Chinese laborer in 1894. The only evidence tending to prove that the Chinaman had entered the United States within three years was the statement of a resident of Juarez, Mexico, that he had seen Owe Sam Goon in a laundry in Juarez in August or September, 1914. The identification was by means of a photograph of the alien. Of course, the court held that such evidence was wholly insufficient to support a warrant of deportation. In the Maltez Case counsel for the alien made written demand subsequent to trial to cross-examine a witness then in custody, which demand was refused by the immigration authorities, and the Court of Appeals held such conduct rendered the hearing unfair.

Here, however, in response to oral notice that counsel would have ten days within which to notify the immigration authorities in writing whether he wished to avail himself of the opportunity to cross-examine government's witnesses at Calexico, counsel wrote the Commissioner of Immigration as follows:

"Please be advised that the above named alien is without funds to defray the expenses incident to appearing in Calexico or other place in the southern part of the state. He will for that reason be unable to confront the witnesses who are reported to have selected his picture from a group of photographs and affirmed that he lived and worked in Mexico at certain times.

"He denies emphatically that he was in Mexico at the times stated in the aforesaid statements.

"If the government has anything further to introduce in evidence he begs to waive his presence and asks that the matter be closed without further attendance at

any hearing. In his behalf, I therefore, waive his presence at the hearing set for June 28, 1934, and agree to the introduction of any further evidence the government has to offer without his presence at said hearing, and ask that the matter be closed."

In the light of such a waiver I am unable to see any grounds for petitioner's complaint that he was denied the right of cross-examination.

■ By the so-called secret and confidential communications objected to, the court assumes is meant an inquiry by the Department of Labor through the Secretary of State to the American Consul at Karachi, India, relative to the departure of Mala Singh from India, in reply to which the Consul advised: " * * * The photograph submitted as that of Mala Singh has been identified as that of Diwan Singh. * * * The Home Secretary further states that the investigation discloses that Mala Singh has deliberately assumed this name to render any investigation in India more difficult. The authorities are positive of his identity being Diwan Singh. Diwan Singh, alias Mala Singh, was granted a passport by the government of the Punjab on December 6, 1923. This passport No. 6728 was valid only for travel to Java. The passport application, together with a photograph submitted at the time are enclosed herewith. It should be noted that in the passport application of Diwan Singh, alias Mala Singh, visible distinguishing marks are noted, as a boil mark on the left shin. Investigation of this case would tend to prove the illegal residence in the United States of Diwan Singh, alias Mala Singh."

Under strict rules of evidence, as applied in actions at law, it is conceded that such a letter would be open to objection to admission, identification, etc., but "deportation proceedings are in their nature civil, and rules of evidence need not be followed with the same strictness as in courts of law." Ex parte Shigenari Mayemura (C. C. A. 9) 53 F.(2d) 621, and cases cited.

Neither the argument, nor the authorities cited by petitioner, raise any doubt in the mind of the court that this alien had a fair hearing, or that he was denied any right to which he was entitled. The evidence preponderates heavily in favor of the findings of the immigration officials.

Writ of habeas corpus is denied.