JIAN ZHONG SUN, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–4447–ag.

United States Court of Appeals, Second Circuit.

Sept. 14, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

John F. Salan, Assistant United States Attorney, for Margaret M. Chiara, United States Attorney for the Western District of Michigan, Grand Rapids, MI, for Respondent.

Present: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Jian Zhong Sun, a native and citizen of China, petitions for review of the BIA's order affirming Immigration Judge ("IJ") Noel Ferris's decision denying Sun's claim for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307 (internal quotation marks omitted).

The IJ's decision, which was speculative and conjectural, was not supported by substantial evidence. Without any basis in the record for doing so, the IJ hypothesized an economic motive for Sun's departure from China and grounded her conclusion on conjecture. The IJ's findings are a product of the IJ's own beliefs about what is and is not plausible in China, without any record support for these conclusions. These findings are based on improper assumptions. For example, the IJ determined that it was implausible that Sun's wife would be allowed to give birth while her husband was a fugitive from justice, despite being in possession of the requisite approval of the family planning office. Also, the IJ believed, on no basis other than her personal views, that the letter from Sun's wife failed to demonstrate sufficient concern for his well-being, in a manner that allegedly undermined his claims of having been beaten in China. This is not substantial evidence that provides ade-

quate support for an adverse credibility determination.

Moreover, the IJ's findings with regard to Sun's corroborative evidence and background materials are not supported by substantial evidence. The IJ's assertion that a fugitive from justice would be safe after the passage of an indeterminate amount of time is factually incorrect. As a result of this erroneous finding, the IJ speculated that Sun was safe from future persecution. This assumption gave rise to an erroneous argument that Sun should have submitted evidence that he was still being sought by the authorities—despite his introduction of a warrant for his arrest with no expiration date. There is no reason to believe that documentary evidence that a fugitive is still a matter of concern to the authorities exists, other than mere speculation about the Chinese criminal justice system. Accordingly, it was error to find that this nonexistent documentation was reasonably available to the petitioner. *See Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000).

The IJ's adverse credibility determination also depended upon a mischaracterization of the petitioner's demeanor during emotionally charged testimony. Although this Court generally defers to an IJ's assessment of demeanor, "we will not uphold credibility findings based upon a misstatement of the facts in the record." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006) (internal citation, quotation marks, and alterations omitted). Most troubling among these misstatements of facts is the IJ's "note for the record" that the petitioner's emotional reaction to questions about his daughter were "way out of proportion."

A credibility finding rooted in flawed reasoning cannot stand. *See Secaida-Rosales*, 331 F.3d at 307 (concerning credibility findings relating to analysis of testimony). Furthermore, the IJ's sustained commentary on Sun's demeanor

also requires remand to a different IJ in the event that we grant the petition for review. "[W]hen, as here, an IJ firmly believes a petitioner is not truthful, repetitive verbally abusive comments and questions taint the proceedings, erode the appearance of fairness and call into question the results of the proceeding." *Islam v. Gonzales*, 469 F.3d 53, 55–56 (2d Cir.2006).

In addition to the above, the IJ found that a series of key documents, which she correctly noted were the only evidence of Sun's identity, marital and family status—and of the alleged forced abortion—were not authenticated. In *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391 (2d Cir. 2005), we agreed with the conclusion of the Court of Appeals for Third Circuit that the authentication requirements of 28 C.F.R. § 287.6 did not present an absolute bar to the introduction of nonconforming documents, as "asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor." 428 F.3d at 404. The same reasoning applies *a fortiori* to the requirements of the best evidence rule. While respondent argues that "the Federal Rules of Evidence may ... guide an IJ regarding the presentation of evidence" during a removal hearing, this court has only embraced this reasoning in cases that detail the IJ's responsibilities to make sure that the evidentiary submissions do not offend against due process. *See, e.g., Felzcerek v. INS*, 75 F.3d 112, 116 (2d Cir.1996). We have never held that the Federal Rules of Evidence can serve to bar the introduction of a petitioner's relevant evidence in an asylum proceeding.

On the contrary, any holding that the Federal Rules of Evidence (or their common law equivalents) provide mandatory rules that require ruling certain documents inadmissible would interfere with an

aliens' statutory and regulatory rights to a reasonable opportunity to present evidence. *See* 8 U.S.C. § 1229a(b)(4)(B); 8 C.F.R. § 1240.1(c). It is likely that it is the recognition of these implications that motivated both the BIA and this court to note that the best evidence rule is not applicable in immigration proceedings. *In the Matter of M—*, 5 I. & N. Dec. 484 (BIA 1953); *accord United States ex rel. Smith v. Curran*, 12 F.2d 636, 637 (2d Cir.1926). Accordingly, we find the IJ erred in excluding these documents pursuant to the best evidence rule, for substantially the same reasons as those stated in *Cao He Lin*. 428 F.3d at 404–405.

Because these documents go to the heart of petitioner's claims for asylum and withholding of removal, in the light of the discussion of the other errors detailed above we cannot be confident that, with the benefit of the documentary evidence, the IJ would reach the same conclusion on remand. *See Li Hua Lin v. United States DOJ*, 453 F.3d 99, 107 (2d Cir.2006). As IJ Ferris's conduct of the hearing creates substantial uncertainty as to whether the record below was fairly and reliably developed, we remand for further proceedings before a different IJ. *See Islam v. Gonzales*, 469 F.3d at 56.

Accordingly, the petition for review is GRANTED and we VACATE the decision of the Board of Immigration Appeals and REMAND for further proceedings before an Immigration Judge other than IJ Ferris.