**Revilino Alexander Lompoliyu KOROMPIS, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent.**

No. 07–0824–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

John J. Diamond, Kadarusman Law Firm, P.C., Murray, Utah, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lisa Arnold, Senior Litigation Counsel, Jennifer Keeney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Revilino Alexander Lompoliyu Korompis, a native and citizen of Indonesia, seeks review of a February 6, 2007 order of the BIA affirming the July 8, 2005 decision of Immigration Judge ("IJ") Noel A. Ferris denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Revilino Alexander Lompoliyu Korompis,* No. A96 427 447 (B.I.A. Feb. 6, 2007), *aff'g* No. A96 427 447 (Immig. Ct. N.Y. City, July 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues a brief opinion adopting an IJ's decision, we review the two decisions together—including the portions of the IJ's decision not explicitly discussed by the BIA. *See Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 628 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc).

## I. Asylum

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Korompis failed to argue before this Court that his asylum claim was not time-barred, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument abandoned.

## II.  Withholding of Removal

Eligibility for withholding of removal is not subject to the one-year bar and must be considered regardless of the timeliness of the initial asylum request. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 340 (2d Cir.2006). Nevertheless, we deny the petition for review because the IJ properly determined that Korompis failed to meet his burden of proof.

■ Although the IJ expressed some reservations about Korompis's credibility, she made an adverse credibility finding explicitly only with regard to events that occurred after Korompis arrived in the United States, and these findings were peripheral to Korompis's claim of persecution. With regard to past persecution, the agency's decision was based on Korompis's failure to meet his burden of proof rather than his credibility, and that Korompis failed to meet his burden because he did not adequately corroborate his testimony.

We have noted that, although "in some asylum cases, the only evidence of persecution an applicant may be able to offer will be his own testimony, ... where the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof." *Zhou Yun Zhang,* 386 F.3d at 71. Before basing the denial of relief on an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Moussa Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000). Whereas this analysis is not required when the IJ's corroboration concerns are tied to an adverse credibility determination, *see Xiao Ji Chen,* 471 F.3d at 341, the agency has "no leeway" to deny an otherwise credible asylum application solely for want of corroborative evidence without first carrying these two steps out, *see Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc).

Here, in finding that Korompis had not carried his burden in demonstrating past persecution, the IJ identified the documentation that was missing: (1) written corroboration of the church bombing from Korompis's family; and (2) written corroboration of the rock-throwing incident from Korompis's brother, who was present, or mother, who treated him. The IJ afforded Korompis the opportunity to explain why he had not provided any corroboration, and he said only that he had not thought it necessary. Finally, the IJ explained that this documentation would have been reasonable to expect because Korompis maintained contact with his family and acknowledged that his family was living without trouble in Jakarta.

Korompis argues that the IJ ignored country condition reports that corroborated his version of events. The IJ, however, acknowledged that the Jakarta bombings occurred but found that Korompis had not produced sufficient evidence to prove that he had in fact been inside a church that was bombed or that he had been beaten unconscious by Muslim Indonesians. The finding was appropriate given that these incidents were witnessed by members of Korompis's family who are still easily accessible to him, making it "reasonable to expect corroborating evidence." *Moussa Diallo,* 232 F.3d at 285.

■ With regard to the likelihood of future persecution, the record does not support a finding that it is more likely

than not that Korompis will face a threat to his life or freedom if returned to Indonesia. *See* 8 C.F.R. § 1208.16(b)(1). Korompis acknowledged that his family lives safely in Jakarta, and we have held that the experiences of similarly situated friends and relatives are relevant in assessing whether a fear of future persecution is well founded. *See Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005), *see also Lie v. Ashcroft,* 396 F.3d 530, 537–38 (3d Cir.2005) (concluding that country conditions reports did not indicate a pattern or practice of violence against Chinese Christians in Indonesia). Furthermore, Country Reports in the record indicate that there have been "notable advances in interreligious tolerance and cooperation" in Indonesia between Christians and Muslims, and that: (1) the Government indicted Islamic extremists; and (2) Muslims assisted Christians in protecting churches across the country from a repeat of the Christmas 2000 bombings. Indeed, Korompis testified that after the 2000 church bombings, for a week a police officer was assigned to protect his family's church, and the police continued to check the church for bombs.

Thus, because the agency properly found that Korompis had not carried his burden of demonstrating either past persecution or a likelihood of future persecution, the denial of withholding of removal was supported by substantial evidence.

### III. CAT Relief

■ Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS,* 358 F.3d 162, 165–69, 174 (2d Cir. 2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). Korompis failed to challenge the IJ's denial of CAT relief in his appeal to the BIA. As a statutory matter, therefore, we may not consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1). To that extent, therefore, we dismiss the petition for review.

### IV. Other Concerns

This panel now joins with a prior panel of this court, *see Jian Zhong Sun v. BIA,* 247 Fed.Appx. 275, 277–78 (2d Cir.2007), to express concern about the tone in which the IJ conducted the proceedings in this case. In addition, although the following issue was not raised directly by the petitioner, we find it particularly disturbing that, over objection, IJ Ferris permitted the government to engage in questioning in violation of the attorney-client privilege,[2] and in tone, at least, suggested that the petitioner had no alternative but to answer. This was inappropriate and suggests perhaps the manifestation of a greater problem with this IJ's judicial demeanor.

---

**2.** Q. [by government attorney]: Have you ever discussed with your lawyer what documents you would need in support of your asylum application?

　[Petitioner's attorney to IJ]

　Q. [by petitioner's attorney]: Objection, Your Honor. That's privileged conversation.

　A. [by IJ]: Only if we asked you that question is it privileged.

　Q. More specific—

　A. The respondent [petitioner] can waive it by answering the question.

　Q. Okay

　A. He's the only one who can assert it. You can't assert it and you can't answer it.

　[Petitioner then proceeds to answer the question.] July 8, 2005 Hearing Tr. at 110–11.

412

Notwithstanding our concern, for the reasons already articulated, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).